Nash, J.
 

 In the instructions of his Honor, we entirely concur. The office of tho sheriff Hankins continued for one year, and ended on the 5th Sept. 1838.
 
 Kirk
 
 and
 
 Coble,
 
 2 Dev. 489.
 
 Slade and others
 
 v.
 
 the Governor, 3
 
 Dev. 365. The deputation to Woodsides ceased with the power creating it. The trunk falling, the branches necessarily fall with it. The defendant then was not liable for the ten dollars received by him in Oct. 1838, and the evidence of a demand of it was properly rejected by the Court. Nor are they answerable for the breach of the bond in net collecting. The defendants are protected by the statute of limitations. The act provides that all suits on sheriff’s bonds and others, “shall be commenced and prosecuted within six years after the right of action has accrued, and not afterwards.”
 
 Rev, St. ch. 65, s.
 
 82. In the present case, the sheriff’s official year expired the 5th September, 1838. The plaintiff’s cause of action existed at or before that time, and the statutory bar became complete the 5th of September 1844. In order to get rid of this difficulty, the plaintiff relies upon the fact, that he had brought a suit on this same ca/use of action in 1843, at which time the statute interposed no
 

 
 *430
 
 bar; and that this suit was instituted within twelve months after the termination of the first at June term, 1844. Under the pleadings in the case, the question does not arise. If the plaintiff intends to rely upon the previous suit in order to avail himself of it, he ought to have replied specially — setting out the former suit, and showing where it was commenced and when it terminated. He has not done so. In practice, when no replication is entered actually, a general one is understood,
 
 Worth
 
 v.
 
 Fentress,
 
 1 Dev. 419, and so it must be under' stood here. The evidence of the prior suit was altogether irrelevant. Had the question by proper pleading been brought before the Court, the reason assigned by his Honor would have been an ample reply to the plaintiff’s replication. In the 8th section of the act we are considering, and under which the question arises, there is no such saving as is contained in the 4th section — allowing to the plaintiff a year after a judgment arrested or reserved to bring a new,action, and which, by an equitable construction, has been extended to non-suit j nor is it
 
 in pari materia
 
 with the actions enumerated in the preceding sections of the act, and to which the 4th section is by its terms limited. This is an action on a penal bond.
 
 Brown
 
 v.
 
 Franklin, 3
 
 Mur. 213.
 
 Clark qui tam
 
 v.
 
 Rutherford, 3
 
 Mur.
 
 237.
 

 Per Curiam, Judgment affirmed»