Ruffin, C. J.
 

 Upon the question of evidence, the Court is inclined to the opinion, that the Clerk’s certificate oí the acknowledgement of the deed, though very loose, would probably do, since the inferences are fair, that it was acknowledged by the baigainors in the County Court. But it is not of much consequence in this case, whether that deed be admitted or not; for the same estoppels, arising out of the partition,
 
 Mills
 
 v
 
 Witherington, 2
 
 Dev. & Bat. 433, and the deed from the lessor of the plaintiff! Judith Long and her husband, are conclusive as to the title. On this last point, the case of
 
 Ives
 
 v
 
 Sawyer,
 
 4 Dev. & Bat. 51, is decisive, as the deed describes tire land as that derivéd by
 
 thefeme
 
 under the partition.
 

 The material question is that respecting the Statute of Limitations. Under the Act of 1715, undoubtedly the right of entry was gone, as more than seven years had expired after the husband’s death, before the present suit was brought, and a nonsuit in a previous action of ejectment, which was brought within the seven years, would not prevent the bar.
 
 Morrison
 
 v
 
 Conolly, 2
 
 Dev. 233. But in revising the Statutes in 1836, the Act of ’15 was amended by adding a further proviso, “ that, if. in an action of eject
 
 *128
 
 ment, judgment be given for the plaintiff, and be reversed ior error, or a verdict pass for the plaintiff, and judgment be arrested, or a verdict be given against the plaintiff, the party plaintiff, his heirs or executors may commence a new action or suit, from time to time, within one year after such judgment reversed, or judgment given against the plaintiff.” This provision was imported from the 4th section, where it stands as a proviso, enlarging the time for bringing personal actions, and is obviously expressed inartifxcially in reference to a right of entry or an action or ejectment. No doubt it was intended to take the place of St. 4. Ann. c. 1.6, s. 16, which enacted “that no claim or entry should be sufficient, within the St. 21 Jac. unless an action should be commenced within one year, and prosecuted with effect.” The object of that enactment was to prevent an evasion of the Statute of James, by making an actual entry just before the expiration of twenty years, and thereby getting twenty more, and so on perpetually ; which was effected by enlarging the time of entry for only one year after an entry within twenty years, provided it was followed by an effectual suit, brought within the year, but not afterwards. That was not re-enacted i'l 1836, and, of course, is not the law now; but, instead of it, the proviso now under consideration was adopted, which is so differently expressed, as to require a different construction, in order to carry out the legislative intention. As applied to this case, the opinion of the Court is, that it entitles the plaintiff to recover. Although a non-suit is not mentioned as one of the modes of determination of the first suit, yet it would bo within the equity of this proviso, upon the same principle, on which it tvas held to be within that in the 4th section, were the two expressed precisely alike. But the proviso to the 1st section goes further than the other in this: that it applies to this case the rule, that a judgment ;n one ejectment is not a bar to another,
 
 *129
 
 and allows the plaintiff, as the lessor of the plaintiff is called, to bring a second ejectment within a year after a verdict and judgment against the plaintiff in a former action. It follows that,
 
 a fortiori,
 
 he may do so after a nonsuit.
 

 Then it is to be further considered, in reference to the subject matter and the parties to the two suits. As to the former, there can be no question in this case. The description ol the premises demanded in the two declarations is the same, and the jury found the identity. No doubt, the lessor or lessors of the plaintiff must be the same in both actions, or their representatives must take their places. But, when there are several demises of divers persons in the first declaration, it cannot be necessary that a demise from each of those persons should be laid in the second, but it must be sufficient for the second declaration to be on the single demise of that of one or more of the lessors in the former suit, in whom the title is found to have been ; for, the count on each of the several'demises is in law the same as a separate action; and therefore, the title of each person is saved, who was a several lessor in such action. For, the object is to preserve the right of any person having it at the time of instituting an action on his title; and it ought not to harm the true owner that the declaration sets forth separate demises of others, provided each declaration has a count on the demise of the true owner. Such is this case. For, the demise of Judith Long is the only one, on which the verdict is given for the plaintiff, and, under the instructions and evidence, it must Jae understood, that the jury found the title to have been in her alone, at the bringing of the first suit.
 

 Upon the necessity of the identity of the defendant in the two actions, the opinion of the Court differs somewhat from that given to the jury, but not so as to affect this judgment. If it were true, that this proviso, like that in
 
 *130
 
 the 4th se.Gtjpn, had .it} view only the case of the same defendants in both actions, it yet might fairly be construed to embrace the case of put-going and in,coming tenants of the samp landlord. But there seems to be no ground for any such restriction, ppr .any reason, why, after an action brought against the actual occupiers at the time, another action, upon failure oí the first, should not lie within a year againt the actual occupier at the time, whoever he may be. Jf it were not so, then in every case, in which the seven years had expired pending the action, the defendant, by af-terwards aliening to another, or even by vacating the possession, would defeat the proviso, and bar the'right of entry. So, if ap action within the year would not lie against
 
 •a.
 
 -stranger, who entered when the possession was vacant, there would be the .absurdity, that he could insist on the .pOssess.ipp of .a former tenant as a bar, which the former tenant, himself, cpuld not set up, had he continued in possession. Such consequences forbid a construction which produces them; and they show tbe true principle of
 
 the
 
 ►-enactment to be, that, by bringing ejectment, a party, then having-the right of entry, shall continue to. have it as long qs that action pends, and afterwards, also, if within one ;year afterwards he will bring another action, and so on, fro.rn tipie to time. That -is the clearer, when it is considered, that this .enactment is in the form of a proviso to a .general enactment in the beginning of the section, which bars the right to enter into lands but within seven years after the right accrued ; and, therefore, that its office, like ■that, of previous provisos, respecting persons under incapa-cities, is to extend the right of entry to the period prescribed in if. . Besides, ip giving the second action of ejectment, the proviso implies that the lessor of the plaintiff therein has the right of entry -at the time of spit brought. If he has. it -at all, he may assert it, either by entering, on
 
 *131
 
 any person unlawfully in possession, or by bringing an ejectment. The Court is well aware of the consequences of this construction, as it leaves the right of entry without limitation, if the party entitled will bring an ejectment within seven years, and successive actions afterwards, within a year after a- verdict, even, against him in a prior suit. But the terms of the Act, and the nature of .the rights on which it operates, render it the unavoidable construction, and if it prove a mischief, it is not for the J udiciary, but the legislature, to apply the corrective, by adopting a provision similar to that in the Statute of Anne, or requiring the second, or some certain one of the actions to be prosecuted with effect, or in some other way giving the repose to which long possessions are entitled, in policy and justice.
 

 Per Curiam. Judgment affirmed-.