# WILSON PHILLIPS v. C. C. CRAFT.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 2 OF ALLEGHENY COUNTY.

Argued October 29, 1890—Decided January 5, 1891.

[To be reported.]

(a) The plaintiff, having purchased certain land in West Virginia from one Williams, refused to accept the title until the land was released from the lien of a certain deed of trust in favor of the defendant, given to secure six promissory notes, and covering that and other real estate.

(b) Williams then went to the defendant, told him that the land in question had been sold, and asked him to sign a release which recited a conveyance of it to the plaintiff on a prior date. The defendant objected to signing the release, because it was general in its terms and he did not then own two of said notes.

(c) Assured by Williams that the plaintiff and his attorneys knew of the ownership of those two notes, and believing that the conveyance to the plaintiff had been made, the defendant signed the release. Williams then brought it to the plaintiff who accepted the title. The land was afterward sold under the trust deed for the payment of said two notes:

1. Negligence, to be actionable, must be at least the breach of a legal duty; and, as the defendant was under no duty of diligence toward the plaintiff, having assumed no contract or other relation with him, the execution of a release apparently covering all six of the notes was not such negligence, especially after the distinct notice to Williams that it would not so operate.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, Mc-
COLLUM and MITCHELL, JJ.

No. 78 October Term 1890, Sup. Ct.; court below, No. 11 July Term 1882, C. P. No. 2.

On May 17, 1882, Wilson Phillips brought case for deceit against Charles C. Craft, to recover damages for an alleged misrepresentation of facts by the defendant to the plaintiff. Issue.

A trial on October 2, 1884, resulted in a verdict and judgment for the plaintiff for $1,272.72. The judgment, however, was reversed on January 5, 1885, opinion by Mr. Justice STERRETT: Craft v. Phillips, 4 Penny. 46. On January 22, 1885,

Statement of Facts.

the record being returned, the plaintiff, by leave of court amended his declaration to case for negligence. A second trial was had on January 12, 1886, resulting in a judgment of compulsory nonsuit, with leave, etc. Subsequently, the judgment of nonsuit was taken off.

At the third trial, on February 12, 1890, the following facts were shown :

In 1876, the plaintiff was the owner of an interest in certain real estate in Mercer county, Pa. On June 20th, of that year, he entered into a contract with one J. C. Williams for the conveyance of said property to Williams, in consideration of a conveyance from Williams to himself of certain real estate in Raleigh county, West Virginia, the contract providing that the parties should convey to each other, respectively, clear of all encumbrances. After the making of the contract, the plaintiff wrote to the clerk of the court of Raleigh county, and received from him a certificate that the title of Williams was clear, except that it was subject to a deed of trust for $6,000 in favor of C. C. Craft. The deed of trust, thus referred to, was dated April 2, 1875, recited an indebtedness of the grantor, J. C. Williams, to Charles Craft of $6,000, represented by six promissory notes for $1,000 each, and, as security therefor, conveyed to a trustee 3,954 acres of land in Raleigh county, including the land which was the subject of the contract between Williams and the defendant.

On or about August 1, 1876, Williams presented to the plaintiff a duly executed conveyance for the Raleigh county realty, bearing date July 28, 1876, but was informed that the deed of trust must be released before the plaintiff would consummate the transaction. Thereupon Williams went to the defendant and presented to him the following paper:

" For value received, I, C. C. Craft, of Chartiers township, Allegheny county, state of Pennsylvania, do hereby release from encumbrance a deed of trust made by J. C. Williams to Henry L. Gillespie, of Raleigh county, West Virginia, all that certain tract of land situate on the west side of the waters of the Piney river, and on the south side of Turkey creek, in Raleigh county, West Virginia, containing 999½ acres, being about the one fourth part of a tract of 3,954 acres, which B. F. Ruff and wife by deed of April 2, 1875, sold and conveyed to

### Charge of Court below.

J. C. Williams aforesaid.   The said 999½ acres, hereby released, being the same which J. C. Williams aforesaid sold and conveyed to Wilson Phillips, of Mercer county, Pennsylvania, by his deed dated July 28, 1876, said deed being recorded in the recorder's office in Raleigh county, West Virginia, in book ——, page —— : and I do further direct that Henry L. Gillespie, trustee aforesaid, to release upon the proper records the land above described and conveyed to Wilson Phillips aforesaid.

" Witness my hand and seal this twenty-first day of August, A. D. 1876."

The defendant testified that after some objection as to the form of the paper, on the ground that it was a general release, whereas he was not the owner of two of the notes secured by the deed of trust, he executed the release by his signature and seal and delivered it to Williams upon the assurance that the plaintiff's attorneys knew all about the ownership of those notes, and in the belief, based upon the statement to that effect in the release, that Williams had already made the conveyance to the plaintiff, and that the release was for the benefit of Williams.   Both the plaintiff and the defendant testified that they had no communication with each other respecting the release, and that they never met until years after it was executed. Portions of the testimony upon this point are quoted in the opinion of the Supreme Court, infra.

On August 21, 1876, Williams presented the release executed by the defendant to the plaintiff, and the exchange of properties was then consummated.   In 1880, the holders of the two notes not owned by the defendant took proceedings upon the deed of trust to enforce their collection, and in those proceedings the land conveyed to the plaintiff was sold at a trustee's sale.   The plaintiff's father became its purchaser at said sale, and afterwards conveyed it to the plaintiff as a gift.

The testimony being closed, the court, MAGEE, J., charged the jury in part as follows :

[The court is of the opinion that the plaintiff cannot recover in this action, giving to the release of C. C. Craft, the defendant, all the virtue claimed for it by the plaintiff, for the reason that, by his own testimony, the plaintiff has sustained no loss by reason of the sale, but has received from the purchaser at

the sale a re-conveyance of his land without expense, and is reinstated in the title without loss. To reinstate the plaintiff is all that can be demanded of Mr. Craft, and that has been done by another without cost. The assignment would make the defendant responsible, if any loss has been sustained; but the evidence of the plaintiff is that he had 330 acres of his land actually sold, and that his father had bought it in and had made him a present of it without any expense to him, thus reinstating him without loss. It is not upon the ground of deceit that recovery is sought here; simply on the ground that Mr. Craft has been negligent in what he did; not fraudulently endeavoring to cheat any one, but simply that he has negligently performed an act by reason of which the plaintiff has sustained damage, but the plaintiff himself says he has sustained no damage. If Mr. Craft had been the purchaser of the land and reconveyed it, that would relieve him from any claim for damages, unless there had been damage outside and otherwise shown to have taken place.] [1]

The court is asked by the defendant to charge the jury:

1. That under the pleadings and the evidence the jury should find for the defendant.

Answer: This point is affirmed. [3]

—The jury accordingly found for the defendant. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, assigning for error, inter alia:

1. The portion of the charge embraced in [ ] [1]

3. The answer to the defendant's point. [3]

*Mr. N. W. Shafer*, for the appellant.

*Mr. M. A. Woodward*, for the appellee.

OPINION, MR. JUSTICE GREEN:

We are quite unable to discover in this record any cause of action in favor of the plaintiff against this defendant. The plaintiff was the purchaser of a tract of land in the state of West Virginia from one J. C. Williams. Against this land, a lien, by way of a deed of trust, was entered of record in the proper county, before and at the time of the agreement of sale and of the subsequent deed. The deed of trust was made by

the owner of the land, Williams, to one Gillespie, and recited that said Williams was indebted to Charles C. Craft in the sum of $6,000, for which he held six promissory notes of $1,000 each, two to the order of William Williams, and four to the order of Craft, and payable at the Third National Bank of Pittsburgh. This deed of trust was made the second day of April, 1875, and duly recorded. The article of agreement for the sale by J. C. Williams to Wilson Phillips, the present plaintiff, was made June 20, 1876, and the deed for the land was made July 28, 1876, but was not delivered until August 21, 1876, at which time also a release made by Craft, and dated the same day, of the land from the lien of the trust-deed, was delivered by Williams to Phillips. The claim of the plaintiff, Phillips, to recover against Craft, is founded upon an allegation of negligence on the part of Craft in granting the release so as to be apparently operative upon the whole debt secured by the deed of trust, when, in point of fact, Craft was only the owner of four of the notes secured by the deed, and the other two were owned by other persons who subsequently sold the land upon proceedings on the deed of trust for that purpose.

Phillips, in his agreement with Williams, had a covenant for the conveyance of the land in West Virginia to him, free of all encumbrances, and it might well be supposed that this covenant with his grantor was his proper and full protection against encumbrances, if any should appear. Whether an action has ever been brought against Williams for breach of his covenant against encumbrances, we are not advised, but it seems a former action was brought by Phillips against Craft, founded upon an allegation of deceit on the part of Craft in executing the release. That case was in this court, and is reported in 4 Penny. 45. We there held that there was nothing in the case upon which to base an action for deceit; that the release which was signed by Craft contained a recital that the land had been already sold to Wilson Phillips by J. C. Williams, and we said:

" This recital was notice to plaintiff that the release was executed by defendant on the faith of information he had received, and in the belief, not that the sale was then being negotiated, or dependent in any manner on the release, but that it had been fully consummated and the deed accepted nearly a month

before.   Under these circumstances, was it not the duty of plaintiff to correct the misapprehension of fact under which defendant had evidently executed the release, rather than permit him to remain in ignorance of the deception that appears to have been practiced on him?   Knowing, as the plaintiff must have known, from the face of the release itself, that it was given under a misapprehension of fact, that it was not executed for the purpose of inducing him to purchase the land, how could he, in the exercise of good faith, remain silent and afterwards claim that it was given by defendant and accepted by himself as an inducement to purchase the land, and part with the consideration thereof?   His silence, under the circumstances, was virtually an affirmation of the misrepresentation under which he had every reason to believe the release was procured."

The evidence taken on the trial of the present case in no wise relieves it of this difficulty.   It was testified distinctly, and without contradiction, that the release was procured to be signed by Williams, who was the vendor of the land in question; that Wilson Phillips, the plaintiff, had no communication with Craft; that, in point of fact, they never saw each other until in 1884, a period of eight years after the release was executed.

Phillips, being examined, testified: "Question.   When you got this release from Mr. Williams, had you ever seen C. C. Craft?   A. Not that I know of; hadn't seen him to know him. Q. When did you first see Mr. Craft?   A. I believe the first time I met Mr. Craft was in court here.   Q. In 1884, was it not,—in court at that time?   A. I think that was the time. Q. You made no inquiry of Mr. Craft, or gave him no notice about the release, did you, before the suit in this case?   A. No, sir.   Q. You had no communication with Mr. Craft in respect to this matter at the time you closed with Mr. Williams, had you,—at that time?   A. Not that I remember of.   Q. You did not seek any personal communication with Mr. Craft?   A. No, sir; not that I remember of."   Craft was examined also and testified that he had never known or met Phillips at any time in the transaction; that he gave the release to Williams at his request, and that Williams told him he had sold the land and wanted the release; that he, Craft, objected to signing it as it

was written, because he did not own two of the notes and this appeared to him to be an absolute release, and that Williams assured him that Phillips and his attorneys were aware of the fact, and that he thought that was natural, and that they had been investigating the matter, and knew all about it ; that he had never seen Phillips, and that Phillips had never made any inquiry of him about the property, or the release from the deed of trust; and, further, that he had executed the release on the information and belief that the property had been sold and the deed delivered as was stated in the release. It was fully proved by the testimony of Phillips and other of his witnesses that he knew all about the deed of trust before the sale was consummated ; and that he refused to take the title until Williams should bring him a release ; and that Williams subsequently procured the release, and brought it to him.

In this state of facts, how it is possible to make out a case of negligence on the part of Craft for which he would be liable in damages to Phillips, we cannot conceive. If Williams was the agent of Phillips in procuring the release, Phillips was bound by the distinct notice given to Williams by Craft that he did not own two of the notes. If he was not the agent of Phillips in obtaining the release, but was acting for himself alone, it is perfectly clear that Craft was under no duty of diligence to Phillips, and consequently was not, and could not be, guilty of negligence, culpable in character, giving any right of action to Phillips. He owed no duty to Phillips. He assumed no contract or any other relation with him. Negligence, to be actionable, must be at least the breach of a legal duty, but Craft owed no duty of any kind to Phillips. He might have refused altogether to execute any release. What he did was done at the instance of Williams, not of Phillips. Williams was a proper person to request a release, because he was interested in the property. Moreover, the release was effectual. It operated upon whatever interest Craft had in the trust-deed, and he was not informed that Phillips could be prejudiced in any way, even if the release was in general language, apparently operative upon all the notes mentioned in the deed. Phillips knew all about the deed of trust, and the number of notes it secured. Regard for his own interest required that he should inform himself as to who held them, and whether they

would all be released. But he took no such precaution, although he was charged with notice of them. Craft never represented to Phillips or to Williams that the release would discharge all the notes. On the contrary, he distinctly notified Williams that he did not own two of them. Where, then, was the culpable negligence on his part? There was none. Instead of his being negligent, we have already held that Williams was culpable for not informing Craft that the property had not been already sold when he was asked to sign the release, which recited that it had been so sold. In addition, Craft swears, and he is not contradicted, that Williams told him when he induced Craft to sign the release that Phillips and his attorneys knew all about the two notes not being held by him, and that in signing the release he acted upon the information and belief that the sale had already been made and deed delivered. We are clearly of opinion that the plaintiff's case is without any merit, and that the jury was properly directed to return a verdict for the defendant.

Judgment affirmed.