CORA M. TRULL, Administratrix of J. T. Trull, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 23 December, 1909.)

1. Railroads—Death by Wrongful Act—Nonsuit.

　　While the requirements of Revisal. sec. 59, giving a right of action for death caused by the wrongful act, etc., of another, provided it be "brought within one year after such death" is not in strictness a statute of limitation, but a condition affecting the cause of action itself, yet when such suit has been brought within the time specified by this section, it comes within the provisions

151—35

of Revisal, sec. 370 (Code, sec. 166), to the effect that if an action shall be commenced within the time prescribed therefor and the plaintiff be nonsuited, etc., he may commence a new action within one year after such nonsuit, etc.

**2. Same—Bill of Peace—Procedure.**

When an action for death caused by a wrongful act of another, etc., has been brought within the time prescribed by Revisal, sec. 59, the provisions of Revisal, sec. 370, allowing another action thereon to be brought within one year, etc., applies as often as a nonsuit is taken; this on the idea that the time the first action was pending is not counted against plaintiff, the remedy to prevent vexatious litigation being some procedure in the nature of a bill of peace.

**3. Railroads—Crossings—Signals—Duty of Pedestrian—Look and Listen—Contributory Negligence—Evidence—Nonsuit.**

When it appears from the evidence that plaintiff's intestate was standing near a railroad crossing waiting for a train to be moved on a track in front of him, and unexpectedly and without explanation stepped from a place of apparent safety directly and immediately in front of a moving shifting-engine in plain view, and was thereby killed, though the engine did not give the customary crossing signals or warnings, the plaintiff has failed to exercise that degree of care for his own safety, which it was his duty to observe, and a motion of nonsuit upon the evidence should be sustained upon the issue of contributory negligence. *Inman's case,* 149 N. C., 123; *Gerringer's case,* 140 N. C., 252, cited and distinguished.

APPEAL from *Webb., J.,* October Term, 1909, of MECKLEN-BURG.

Civil action, to recover damages for alleged negligent killing of the plaintiff's intestate.

It appeared in evidence that on 9 March, 1903, the intestate was run over and killed by a train of defendant company, as he was endeavoring to cross the railroad at a public crossing, in the town of Monroe, N. C.; that plaintiff, having duly qualified as administratrix, instituted an action to recover for the alleged negligent killing within twelve months of the occurrence, and that same was pending in the Superior Court of Union County from term to term till Fall Term, 1904, when a judgment of nonsuit was entered, and within twelve months of such judgment plaintiff commenced a new action against defendant company in the county of Mecklenburg, and same was there pending till April Term, 1908, when a second judgment of nonsuit was had, and plaintiff commenced the present action against defendant for such alleged cause on 10 March, 1909; and on the trial the facts and circumstances of the transaction as claimed by plaintiff were also shown in evidence. The case on appeal further states:

"At the conclusion of the plaintiff's evidence, the defendant

moves to nonsuit, under the Hinsdale Act. The court granted the motion, upon two grounds:

"1. That the plaintiff's action is barred by the statute of limitations, not having been brought within the time the law requires actions in such cases to be brought.

"2. From all the evidence introduced by the plaintiff, the court is of the opinion that the plaintiff is not entitled to recover.

"Thereupon, judgment was rendered, as appears in the record, and from the foregoing ruling of his Honor, and from the said judgment in the case, the plaintiff appealed to the Supreme Court and assigned said ruling and judgment as error."

*E. L. Preston* and *J. D. McCall* for plaintiff.
*Burwell & Cansler* for defendant.

Hoke, J., after stating the case: The first ground for his Honor's ruling, as indicated in the above statement of the case on appeal, has been expressly resolved against the defendant's position in *Meekins v. Railroad,* 131 N. C., 1.

True, we have held in several well-considered decisions that the requirement of the statute (Revisal, sec. 59), giving a right of action for death caused by the wrongful act, neglect or default of another, that such action shall be "brought within one year after such death," is not in strictness a statute of limitation, but is a condition affecting the cause of action itself. *Gulledge v. Railroad,* 148 N. C., 567; *Best v. Kinston,* 106 N. C., 205; *Taylor v. Iron Works,* 94 N. C., 525. But in *Meekins' case, supra,* the Court held that when an action has been originally instituted within one year from the death, this requirement of the statute was complied with, and thereafter the action was subject to the provisions of the Code, sec. 166, now sec. 370, Revisal, to the effect that if an action shall be commenced within the time prescribed therefor, and the plaintiff be nonsuited, etc., the plaintiff, etc., may commence a new action within one year after such nonsuit, etc.; and the present Chief Justice, delivering the opinion, said: "The defendant contends that this provision is under the title in the Code applying to *limitations,* and that the time prescribed under section 1498 is not strictly a statute of limitations. *Best v. Kinston,* 106 N. C., 205. But the original action was brought within the time prescribed in section 1498, and therefore it does not here matter what the nature of that prescription is. On the other hand, the time within which a new action may be commenced after a nonsuit, etc., is a statute of limitation, and applies to all cases where a nonsuit, etc., has been sustained.

This statute (Code, sec. 166) contains no exception of cases under section 1498, or of any other cases where the time prescribed for bringing the original action might not be strictly a statute of limitation. We know no cause why the privilege to commence a new action within a year after nonsuit should not apply equally to all cases of nonsuit. The statute makes no distinction, and there is certainly none in the reason of the thing, which is the same as to that class of cases as in any others."

This has been the accepted construction of the statute, now Revisal, sec. 370, as it affects causes of action of this character, since the decision was rendered, in September, 1902, and the case has since been cited with approval several times and held to be decisive. Thus, in *Gulledge's case, supra, Associate Justice Brown* said: "Nor have we overruled *Meekins v. Railroad,* 131 N. C., 1, in which the original action was brought within one year after death," and quotes a portion of the opinion of the Chief Justice, as above stated.

And in *Nunnally's case,* disposed of at Spring Term, 1904, in a *per curiam* opinion (134 N. C., 754), the injury had occurred in June, 1902, causing intestate's death in October following, and the nonsuit was taken in January, 1904, and *Mr. Justice Connor,* writing for the Court, said: "The judgment of nonsuit must be affirmed. This does not prevent the plaintiff from bringing another action, if so advised."

Not only is this the primary significance of the language of the statute, giving a right of action in case of wrongful conduct causing death, and its true meaning, as established by these authoritative interpretations, but this construction is in accord with right, reason and justice. No doubt the chief consideration for this requirement of the statute was to notify defendants, frequently the employers of labor in large numbers, that their attention might be drawn to the occurrence, and the evidence bearing upon it noted and in some way secured and preserved, and this purpose is reasonably met by the original institution of the action within the time specified. On the contrary, after action is commenced, a trial can rarely ever be had within the year. A deserving plaintiff is sometimes unavoidably interrupted in the preparation of his case. At times he may be presently surprised on the trial; and to hold that a nonsuit, rendered necessary in some such way, should bar any further action, would in many cases work grave injustice and amount to denial of a substantial right.

It was urged on the argument that a proper construction of section 370 of the Revisal, allowing a new action to be brought

within one year after nonsuit, would be that the provision applies only to one nonsuit, and thereafter the original restriction on these causes of action should obtain. But we do not think this a correct position. In *Meekins' case, supra,* it was said that the section in question applies to "all cases of nonsuit"; and, while we find no case at hand where the facts directly present the question, it has been the construction of the statute, uniformly acted on with us, that the provision applies as often as a nonsuit is taken; this on the idea that the time the first action was pending is not counted against the plaintiff, the only remedy in case of vexatious litigation being some procedure in the nature of a bill of peace.

Thus, in the case of *Long v. Orrell,* 35 N. C., 123, it was held: "3. By bringing an ejectment, a party then having the right of entry shall continue to have it as long as that action pends; and afterwards, also, if within one year afterwards he will bring another action, and so on, from time to time, no matter who may be at any time the tenant in possession."

And *Chief Justice Ruffin,* in the opinion, thus further refers to this position, as follows: "The Court is well aware of the consequences of this construction, as it leaves the right of entry without limitation, if the party entitled will bring an ejectment within seven years, and successive actions afterwards, within a year after a verdict, even, against him in prior suit. But the terms of the act, and the nature of the rights on which it operates, render it the unavoidable construction; and if it proves a mischief, it is not for the judiciary, but the Legislature, to apply the corrective by adopting a provision similar to that in the Statute of Anne, or requiring the second or some certain one of the actions to be prosecuted with effect, or in some other way giving the repose to which long possessions are entitled, in policy and justice."

And in *Freshwater v. Baker,* 52 N. C., 256, *Manly, J.,* said: "It has been repeatedly held that a nonsuit, though not especially named, is within the equity of the proviso in the fourth section of the Revised Statutes (Rev. Code, ch. 65, sec. 8). The time pending the first action *is not counted against plaintiffs,*" citing *Blackwell v. Hawkins,* 28 N. C., 428; *Long v. Orrell,* 35 N. C., 123.

It has been suggested that our present ruling is contrary to the principle this Court has upheld in interpreting certain contracts of insurance, by which a right of action is restricted to a specified time, as in *Muse v. Ins. Co.,* 108 N. C., 240. In *Muse's case* a careful examination of the facts will show that the first cause

of action was on an award and the second was on the original policy of insurance. But if it be conceded that the position suggested correctly interprets *Muse's case,* we fail to find in this any sufficient reason for departing from our construction of this statute, accepted and acted on for a number of years, and which is in accord with the right reason and within the express meaning of its terms. And, further, in a subsequent decision of *Dibbrell v. Insurance Co.,* 110 N. C., 208, and as relevant to the question now presented, *Avery, J.,* thus speaks·of the decision in *Muse's case:* "In *Muse v. Assurance Co., supra,* this Court, following the current of authority, held that the stipulation that there should be a forfeiture unless suit should be brought within twelve months after the loss operated as a contract which might be waived, and not as a statute of limitation. Indeed, in that case it was declared that plaintiff might have submitted to judgment of nonsuit and brought a new action within a year after such judgment, though after the expiration of twelve months from the fire, if the limit has been imposed by a statute instead of by conduct."

While we hold that the trial judge made an erroneous ruling as to the nonsuits and their effect on the rights of the parties, we concur with his Honor in ordering a nonsuit, on the ground that the facts in evidence failed to disclose a good cause of action.

From these facts it appears that the intestate was killed at a public crossing, in the town of Monroe, by an engine of defendant company, which approached without giving the proper signals; that this approach was in the daytime, in full view, if the intestate, in the exercise of proper care, had been properly attentive to his own placing and the dangers incident to it, and that this negligence on the part of the intestate was concurrent with that of defendant's employees at the precise time and place of the injury, and comes clearly within the accepted definition of contributory negligence, as contained and approved in many well-considered decisions on the subject. *In Cooper's case,* 140 N. C., 209, the Court, in defining the respective duties of railroads and pedestrians on a public crossing, quotes with approval from *Improvement Co. v. Stead,* 95 U. S., 161, to the effect that "Both parties are charged with the mutual duty of keeping a careful lookout for danger, and the degree of diligence to be used on either side is such as a prudent man would exercise under the circumstances of the case in endeavoring to perform his duty," and, among other things, held:

"5. Where the view is unobstructed, a traveler who attempts to cross a railroad track, under ordinary and usual conditions,

without first looking, when by doing so he could note the approach of a train in time to save himself, by reasonable effort, is guilty of contributory negligence."

And while we have held in many recent decisions on the subject that facts and attendant circumstances may so qualify this doctrine in certain cases, the question of contributory negligence should be submitted to the jury, as, in *Inman's case,* 149 N. C., 123; *Gerringer's case,* 146 N. C., 32; *Sherrill's case,* 140 N. C., 252, the present demand does not fall within any of the exceptions indicated in these decisions. From the testimony it appeared that the intestate was standing on a crossing and near the main line of defendant's road, having been stopped by reason of a train standing on a track further on his way. While he stood in this position, a shifting engine, doing its work on the main line, passed down this track, going to a water tank, some distance away. In a short time the engine returned and slowed down at a switch, some thirty or forty steps from the crossing. The fireman got out, changed the switch, and the engine continued its course on to the crossing, and without giving the usual signals. Just at the crossing, and at the precise time of the impact, the plaintiff stepped from a position of apparent safety onto the track, just in front of the moving engine, and was run over and killed. The track here was straight; there was nothing to obstruct the view, and, so far as the evidence discloses, there was nothing to explain or qualify the intestate's obligation to look and listen and be otherwise properly attentive to his own safety.

On this statement, we think the intestate was guilty of contributory negligence, barring recovery, and the order of the court below dismissing the case on a judgment of nonsuit must be
    Affirmed.