## MORRISON *v.* BALTIMORE & O. R. CO.

MASTER AND SERVANT; EMPLOYERS' LIABILITY; LIMITATION OF ACTIONS;
PLEADING.

1. While ordinary statutes of limitation confer upon a defendant the privilege of interposing a definite limitation of time as a bar to the enforcement of a liability existing independently of the statute defining the limitation, the employer's liability act creates a liability where none before existed, and its provision that no action shall be maintained under the act "unless commenced within one year from the time the cause of action accrued" imposes a condition upon the liability imposed by the statute, and a compliance with that condition is essential to the maintenance of the action. As to the effect of an excuse, seasonably pleaded, for failure to bring the action within the statutory period, *quære.*

2. An injured employee cannot be heard to set up a violated promise of re-employment as an excuse for failing to sue within the period of one year prescribed by the employers' liability act, where he first sued after such period had lapsed, and where he made no amendment averring the reasons for his delay until more than five years after the injury occurred, and several years after the alleged deceptive representations were made.

3. Averments in a declaration bringing the plaintiff's case within a statute are sufficient, without reference to the statute itself.

4. While ordinarily the defendant, in order to avail himself of the statute of limitations, must plead it, he may do so on demurrer where the statute upon which the right of recovery is based, like the employers' liability act, creates an action conditional upon suit being brought within a prescribed period of time.

5. The provision of the employers' liability act of 1908 (35 Stat. at L. 65, chap. 149, U. S. Comp. Stat. Supp. 1911, p. 1322), extending the time within which actions may be brought to two years, is not retroactive.

No. 2491. Submitted April 9, 1913. Decided May 5, 1913.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, sustaining a demurrer to his amended declaration in an action for alleged personal injury.                                        *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment in the supreme court of the District, sustaining a demurrer to appellant's amended declaration, the ground of the demurrer being that, under the employers' liability act of June 11, 1906 (34 Stat. at L. 232, chap. 3073, U. S. Comp. Stat. Supp. 1911, p. 1316), the suit was not seasonably brought. We will hereinafter refer to the parties as plaintiff and defendant.

On February 9, 1907, while employed as a switchman by the defendant, the plaintiff was seriously hurt. On June 24, 1908, he filed this suit. While the facts alleged in his original declaration would have justified a recovery under said act of 1906, had the suit been seasonably brought, no reference was made to that act, nor did the declaration contain any averment as to why the suit had not been commenced within one year from the time the cause of action accrued. To this declaration the defendant interposed pleas that the plaintiff, having accepted membership in the Relief Department of the defendant, was

estopped to bring the suit. The demurrer of the plaintiff to these pleas having been sustained, the plaintiff, on November 25, 1911, by leave of court filed an amended declaration specifically declaring upon said act of 1906, and, in a separate count, upon the employers' liability act of April 22, 1908 (35 Stat. at L. 65, chap. 149, U. S. Comp. Stat. Supp. 1911, p. 1322). Demurrer was finally interposed to this declaration upon the ground, first, that no action could be maintained under said act of 1906 unless commenced within one year from the time it accrued; and, second, that the act of 1908, extending such time to two years, is not retroactive. This demurrer was sustained and the plaintiff, by leave of court, on June 1, 1912, again amended his declaration. A still further amendment was filed July 11, 1912. In these two amendments the plaintiff in effect averred that within the year following his injury, he was induced by the duly authorized agent of the defendant to delay the institution of his suit, in consideration of a promise by said agent that, if he would refrain from bringing action, the defendant, as soon as plaintiff had sufficiently recovered from his injuries, would employ him permanently in the discharge of such duties as he would be able to perform; and that plaintiff relied upon said promise. It was further averred that said promise was made for the purpose of inducing plaintiff to delay the institution of his suit until after the expiration of the period of limitation of said act of 1906; that, after he had sufficiently recovered from his injuries, he applied to the defendant for the employment promised him; that the defendant, without any just cause, and in violation of its agreement, refused to employ him; and that the original declaration was filed within a period of less than one year from the date of said refusal. Plaintiff further averred that the time within which he might institute suit was, by operation of law, extended for a period of one year from the date of the refusal of the defendant to keep its said promise and agreement, and that the defendant is estopped to set up the lapse of time as a bar to the bringing of this action, "which, but for the promise and representations made by the defendant, would have been brought before the

expiration of one year from February 9, 1907." To this declaration a demurrer was interposed, and, this being sustained, the case was brought here.

Messrs. *McNeill & McNeill, Mr. John Ridout,* and *Mr. Wade B. Hampton* for the appellant.

Mr. *George E. Hamilton, Mr. John J. Hamilton,* and *Mr. John W. Yerkes* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The demurrer of the defendant admits the truth of the averments of the declaration, and plaintiff seeks to invoke the well-recognized rule that when a defendant who relies upon an ordinary statute of limitations has previously been guilty of deception or violation of duty toward the plaintiff, causing him to subject his claim to the statutory bar, such a defendant will be held to have wrongfully obtained an advantage which, in good conscience, he is estopped to hold or plead. *Bailey* v. *Glover,* 21 Wall. 342, 22 L. ed. 636; *Holman* v. *Omaha & C. B. R. & Bridge Co.* 117 Iowa, 268, 62 L.R.A. 395, 94 Am. St. Rep. 293, 90 N. W. 833; *Chesapeake & N. R. Co.* v. *Speakman,* 114 Ky. 628, 63 L.R.A. 193, 71 S. W. 633. The defendant, on the other hand, insists that under said act of 1906 there is no room for the application of the foregoing rule; that this statute confers a right to which is attached a condition that it be enforced within the stated period.

The act in question creates a liability where none existed, and takes away defenses formerly available. Coupled with this enlargement of the liability of common carriers is the limitation that no action shall be maintained under the act "unless commenced within one year from the time the cause of action accrued." The ordinary statute of limitations confers upon a defendant the privilege of interposing a definite limitation of time as a bar to the enforcement of a liability existing independently of the statute defining the limitation. Such statutes;

therefore, are merely limitations of the remedy.   Statutes like
the present are more.   They create a right of action conditioned
upon its enforcement within the prescribed period.   The legis-
lature, having the power to create the right, may affix the condi-
tions under which it is to be enforced, and a compliance with
those conditions is essential.   "The time within which the suit
must be brought operates as a limitation of the liability itself
as created, and not of the remedy alone.   It is a condition at-
tached to the right to sue at all.   *  *  *   Time has been made
of the essence of the right, and the right is lost if the time is
disregarded.   The liability and the remedy are created by the
same statutes, and the limitations of the remedy are therefore
to be treated as limitations of the right."   *The Harrisburg,* 119
U. S. 214, 30 L. ed. 362, 7 Sup. Ct. Rep. 140.   See also *Walsh*
v. *Mayer,* 111 U. S. 37, 28 L. ed. 340, 4 Sup. Ct. Rep. 260.
It is therefore necessary for one seeking to enforce a right un-
der such a statute to state a case within it, and time is of the
essence of the right.   Had plaintiff's suit been filed *within* the
statutory period, it would have been no more necessary to have
referred to the act than to any other statute of the forum.   *Mis-
souri, K. & T. R. Co.* v. *Wulf,* 226 U. S. 570, 575, 57 L. ed. —,
33 Sup. Ct. Rep. 135; *Morrisey* v. *Hughes,* 65 Vt. 553, 27 Atl.
205.   An averment of facts bringing the case within the statute
would have been sufficient.   As a reading of the original decla-
ration discloses that the suit was not filed within the statutory
period, it must be presumed that the action was based upon the
common law.   In the amended declaration filed November 25,
1911, plaintiff relied upon the employers' liability acts of 1906
and 1908, but he did not allege any reason for his failure to
bring his suit within the statutory period.   This amendment
was filed more than four years after the accident.   It was more
than five years after the accident that any averment was insert-
ed in the declaration accounting for the delay, and then several
years had elapsed since the alleged deceptive representations of
the defendant.   Under these circumstances, we do not think
plaintiff is in a position to raise the question of the effect of a
seasonable excuse for delay, based upon bad faith of the defend-

ant. Unlike the rule applicable to a defense based upon an ordinary statute of limitation, which requires the defendant to plead the statute, that the plaintiff may have an opportunity of replying and pleading any matter which would prevent the running of the statute, the rule applicable to statutes creating a conditional right of action permits the defendant to interpose a demurrer where, upon an inspection of the pleadings, it is apparent that a case within the statute has not been stated. *Lambert* v. *Ensign Mfg. Co.* 42 W. Va. 813, 26 S. E. 431; *Bretthauer* v. *Jacobson,* 79 N. J. L. 223, 75 Atl. 560; *Poff* v. *New England Teleph. & Teleg. Co.* 72 N. H. 164, 55 Atl. 891; *Trull* v. *Seaboard Air Line R. Co.* 151 N. C. 545, 66 S. E. 586; *Dowell* v. *Cox,* 108 Va. 460, 62 S. E. 272; *Hanna* v. *Jeffersonville R. Co.* 32 Ind. 113; *Hill* v. *Rensselaer County,* 119 N. Y. 344, 23 N. E. 921; *Kavanagh* v. *Folsom,* 181 Fed. 401; *Callan* v. *Bodine,* 81 N. J. L. 240, 79 Atl. 1057. The original declaration herein invoked the rule of the common law as a ground of action. The attempt of the plaintiff, more than one year after the alleged bad faith of the defendant, to invoke a different rule, namely, the rule prescribed by said act of 1906, must be held to amount to the commencement of a new action. The change was one of substance, and not merely of form. *Union P. R. Co.* v. *Wyler,* 158 U. S. 285, 39 L. ed. 983, 15 Sup. Ct. Rep. 877. It is unnecessary, therefore, to determine the effect of an excuse, seasonably pleaded, for failure to bring the suit within the statutory period.

The contention that the provision in the employers' liability act of 1908 (35 Stat. at L. 65, chap. 149, U. S. Comp. Stat. Supp. 1911, p. 1322), extending the time within which actions may be brought to two years, is retroactive, has been abandoned, as the Supreme Court of the United States, in *Winfree* v. *Northern P. R. Co.* 227 U. S. 296, 57 L. ed. —, 33 Sup. Ct. Rep. 273, decided to the contrary.

The judgment must be affirmed, with costs.          *Affirmed.*