H. T. GADDIS v. CHEROKEE COUNTY ROAD COMMISSION.

(Filed 31 January, 1928.)

**1. Mandamus—Nature.**

An order of court requiring the board of county road commissioners to carry out the provisions of its resolution to relocate a public road in order to avoid damages to the plaintiff's property is in the nature of a mandamus.

**2. Mandamus—Subjects—Public Officers.**

Where the board of county road commissioners has passed a resolution ordering a relocation of a public road in order to avoid damaging plaintiff's property, to which he consents the subject-matter is one within the discretion of the board under the provisions of our statute, and therefore is not enforceable as a contract between the parties.

**3. Action — Statute of Limitations — When Plea Admissible — Eminent Domain—Compensation—Actions for—When Accrues.**

Where the board of county road commissioners runs its road in such close proximity to the plaintiff's house as to be a menace, and thereafter adopts a resolution relocating the road to avoid this damage, and in point of fact this resolution remains in full force though the board has attempted to rescind it, upon the future rescinding of the resolution the plaintiff has an immediate right of action for damages for the taking of his property by condemnation, and the bar of the statute of limitations upon the theory that the claim in the present action should have been made in sixty days from the completion of the road is untenable.

**4. Equity—Jurisdiction.**

The plea of the statute that the owner of lands make claims for damages of a county road commission for the taking of his property for a highway is not available to the board when its conduct and dealings with the plaintiff has rendered it inequitable.

CIVIL ACTION before *Stack, J.,* at April Term, 1927 of CHEROKEE.

The plaintiff instituted an action against the defendant, alleging that the defendant had entered upon his land and laid out a public road so close to a residence owned by him as to displace the steps and render it dangerous and impracticable to use the house. He further alleged that he made complaint to the defendant from time to time and that relief was promised but that nothing was done until February, 1926, when a committee was appointed to visit the premises and report to the board, and that thereafter at the April meeting, 1926, of said board a resolution was duly passed removing said road thirty feet from plaintiff's house.

The defendant alleged that after the passage of the resolution moving the road thirty feet from plaintiff's house it discovered that such order had been improvidently made for the reason that the cost of construction upon the new location would involve a large expenditure of money by virtue of the uncertain nature of the soil, and thereupon undertook at the July meeting of said board to rescind the order, locating the road thirty feet from plaintiff's house. The cause was submitted to the trial judge who found the facts and embodied them in the judgment which is as follows: .

"This cause coming on to be heard before Hon. A. M. Stack, judge presiding and holding the courts of the Twentieth Judicial District,

the same having been heretofore continued by Judge W. F. Harding, there being present and representing the plaintiff, F. O. Christopher and Edmund B. Norvell, his attorneys, and representing the defendant, Messrs. Dillard & Hill, attorneys, the court, upon the pleadings, record and admissions and oral evidence, after hearing the evidence and argument of counsel, finds the following facts:

First: That the defendant, without the consent or authority of the plaintiff, went upon the land of plaintiff and constructed a road so close to plaintiff's house and the front part of same as to render it dangerous to either enter it or come out of said house.

Second: That the plaintiff early in the year 1925, appeared before the defendant and asked that the conditions, to wit, the construction of the road so near his house be changed either by moving the house or moving the road, when the defendant, being in session, exercising the duties imposed upon it by law, agreed to give the plaintiff relief as requested, and from time to time thereafter, when the defendant was sitting as a body continued to agree to grant the request of the plaintiff to move his house or move the road, until at the February, 1926, meeting of said commission (defendant), on motion of D. S. Russell, one of the members of said commission, and its then secretary, appointed two of its members, viz.: W. F. Hill and O. G. Anderson, to go upon the premises of plaintiff and view the conditions existing relative to the plaintiff's house and the road as constructed and make their report and recommendation to the commission (defendant).

Third: That at the April, 1926, meeting of the defendant (Cherokee County Road Commission), all members of said commission, except D. S. Russell, being present, said O. G. Anderson and W. F. Hill, who were appointed a committee to investigate and make report on the condition complained of by the plaintiff, reported and recommended, "that the road be moved thirty feet from Gaddis' house or pay him $100 as damage," when the plaintiff being present accepted the proposition to move the road, when at said meeting the defendant, the Cherokee County Road Commission, being in session (all members being present except D. S. Russell), and performing the duties imposed upon it by law, and having before it and hearing the matter complained of by plaintiff, passed an order in words and figures, as follows:

"It is ordered that said road be changed beginning at or near the drain pipe east of the house of said H. T. Gaddis and run so that the inside or edge of said road next to said house will not be less than thirty feet from said house, and not to cross the branch that runs a west course in front of said house, said change not to be made out of dirt or soil in the bottom in front of or to either end of said house, and said change not to exceed 550 feet in length. Said change to be

GADDIS *v.* ROAD COMMISSION.

made at the expense of Cherokee County Road Commission, and no part of said cost to be borne by H. T. Gaddis."

Fourth: That the plaintiff relied upon the order above set forth in finding of fact No. 3, being carried out in good faith.

Fifth: That at the July, 1926, meeting, the defendant, Cherokee County Road Commission, and without any notice to plaintiff, an effort was made by the defendant to cancel the order made as set forth in finding of fact number three, but same was never canceled and still remains in force and effect.

Sixth: That the defendant (Cherokee County Road Commission), and the plaintiff, at all times sought to avoid litigation and by reason of the promises made to plaintiff by the defendant and the order made by the defendant at its April, 1926, meeting, this plaintiff took no further action in the matter of dispute between him and the defendant, except to resist the cancellation of the order made at the April, 1926, meeting of the said defendant, until he brought this action.

Seventh: That more than sixty days expired between the completion of the road and the adoption of the order at April, 1926, meeting.

Eighth: That the plaintiff is not seeking in this action damages in money, but only that relief be given him as prayed for in his complaint.

Ninth: That the defendant by virtue of its offer to move the road and the acceptance of said offer by the plaintiff, and by virtue of the order made by the defendant at its April, 1926, meeting, desisted from suing for damages to his property within the time limited for bringing such action.

Tenth: That the said defendant (Cherokee County Road Commission), dealt with and agreed with the plaintiff upon the change of the road running in front of his house through his lands, and through its acts and through the acts of its officers, at all times after plaintiff lodged his complaint for the relief, led the plaintiff to believe that it would give him relief, but it has never done so and the conditions complained of still exist.

Eleventh: That the change in the road, as recommended by O. G. Anderson and W. F. Hill in their report made to the defendant at its regular meeting in April, 1926, can be made and said road can be constructed.

Twelfth: That the order made by the road commission at its April meeting, 1926, has not been rescinded or changed; and to do so would be acting in bad faith with the plaintiff and an abuse of official discretion.

It is, therefore considered, ordered and adjudged by the court that the defendant (Cherokee County Road Commission), and its officers do

proceed within ten days from the rising of the court to make the new location and begin to construct the road as ordered to be changed by it at its April, 1926, meeting; and said defendant and the commissioners thereof, are commanded forthwith to comply with this order as commanded above.

It is further considered, ordered and adjudged by the court that the plaintiff do have and recover of the defendant his costs in this action expended.

It is further considered, ordered and adjudged, by the court, that the defendant do pay all costs of this action to be taxed by the clerk."

From judgment so rendered the defendant appealed.

*F. O. Christopher and Edmund B. Norvell for plaintiff.*
*Dillard & Hill for defendant.*

BROGDEN, J. The judgment of the court commands the defendant to proceed within ten days to make the change in location of the road in accordance with the resolution of April, 1926. This is equivalent to a mandamus. The plaintiff insists that the resolution of April, 1926, constituted a contract between him and the defendant with respect to the location of the road in controversy. This Court has held that administrative boards, exercising public functions, cannot by contract deprive themselves of the right to exercise the discretion delegated by law, in the performance of public duties, and the courts will not interfere with or supervise the performance of such duties in the absence of fraud, oppression, bad faith or plain abuse of the power vested in such public bodies. In other words, the discretion exercised must actually exist under the law, and even then, it cannot be exercised in a capricious, arbitrary, oppressive and unreasonable manner. *Edwards v. Goldsboro,* 141 N. C., 60; *Johnson v. Comrs.,* 192 N. C., 561; *Carlyle v. Highway Commission,* 193 N. C., 36.

The powers delegated by statute to the defendant are contained in chapter 37, Public-Local Laws, Extra Session, 1924. In section 7 of the act the defendant is authorized to relocate any road in the county in order to make it more useful, "and may order the laying out and construction of new roads." Section 9 of the act empowers the defendant to condemn a right of way for any proposed road "or relocation of any such." This statute does not specify how such location shall be made, neither does it prescribe any formalities to be observed by the defendant in determining locations or relocations, or changes in locations. Hence, it necessarily follows that such matters were committed to the sound and reasonable discretion of the defendant. In such event the law has been tersely stated by *Varser, J.,* in *Board of Education v. Comrs.,*

189 N. C., 650, as follows: "Mandamus only lies to compel action and not to direct it if the asserted powers are discretionary." Again, in *Barnes v. Comrs.,* 135 N. C., 41, *Walker, J.,* discussing the principle of mandamus, said: "While there may be authorities to the contrary elsewhere, the result of judicial decision in this State is that the body clothed with the discretion cannot by any process of the court be compelled to do anything but exercise that discretion—to act in accordance with the law—and while the court may do this, it has no power or jurisdiction to direct the course the exercise of the discretion shall take in order to bring about any given result." Applying these principles, it is apparent that the trial judge was in error, under the circumstances, in making the peremptory order contained in the judgment.

But the plaintiff is not without full and ample remedy. The defendant had full power to adopt the resolution of April, 1926. This resolution was not a contract, but a positive order, changing the location of said road thirty feet from plaintiff's house, in the exercise of discretion committed by law to the defendant. The trial judge finds that said order of April, 1926, has never been canceled and still remains in full force and effect. If so, the road, in contemplation of law, is now located thirty feet from plaintiff's house. If the defendant, in the exercise of its discretion, rescinds the order of April, 1926, and, as it attempted to do, relocates the road at plaintiff's house, where it existed prior to April, 1926, then in such event the plaintiff would immediately have an action for all damages contemplated by law for the taking of his property.

The plaintiff insists, however, that his right of action for damages is barred by section 10 of the act creating the defendant and hereinbefore referred to. Section 10 of said act provides in substance that the party aggrieved "by the taking of such material, or of his land for right of way, may, within sixty days after such road is completed, make application to the board of county commissioners for the assessment of damages and benefits under the provision of the laws relating to state highways." The trial judge finds as a fact "that more than sixty days expired between the completion of the road and the adoption of the order of April, 1926, but the plaintiff's right of action is not barred. The statute provides that the aggrieved party may make application within sixty days after such road is completed, and the judge finds that early in 1925, the plaintiff appeared before the defendant and made complaint, and that the defendant "being in session, exercising the duties imposed upon it by law, agreed to give plaintiff relief as requested, and from time to time thereafter, when the defendant was sitting as a body, continued to agree to grant the request of the plaintiff to move his house or move the road," etc.

Under these facts the defendant cannot plead the statute of limitation in bar of plaintiff's right to recover damages. *Haymore v. Comrs.,* 85 N. C., 268; *Tomlinson v. Bennett,* 145 N. C., 279. In the *Tomlinson* case the law is thus stated: "It is settled that if plaintiff was prevented from bringing his action during the statutory period by such conduct on the part of the defendant as makes it inequitable for him to plead the statute, or by reason of any agreement not to do so, he will not be permitted to defeat plaintiff's action by interposing the plea."

Reversed.