In the Matter of the Claim of JAMES J. DILLON, Appellant, against SCHAPP BEEF Co. and TRAVELERS INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Claimant appeals from a decision of the State Industrial Board reversing an award of twenty-five dollars a week from the date of the injury. In February, 1929, the claimant stepped on a nail which entered his left foot, the wound of which was not serious, and which healed up. Prior to the accident, the claimant, unknown to himself, was suffering from an arterial ailment known as Buerger's disease and known also as thrombo-angiitis obliterans, a progressive disease, and in January, 1930, eleven months after the injury, the left leg was amputated. The theory was urged on behalf of the claimant that the slight trauma accelerated the progressive disease and the respondents contend that the condition that existed was not in the slightest degree influenced by the accidental injury. The respondents contend that the amputation of the left leg was the result of the disease and that the disease was not affected, nor accelerated, by the accidental injuries. An issue of fact was thereby created upon which there was evidence upon both sides, and the decision concerning which we have no authority to interfere. Three years later, in January, 1933, the right leg was

amputated above the knee and the appellant claims that the amputation was the result of the accidental injury, either because the injury had accelerated the progress of the naturally progressive disease or because the loss of the left leg and the use of an artificial leg had accelerated the progress of the disease. The appellant criticizes a member of the State Industrial Board in this statement: " Well, you can introduce all the testimony you want on a case of this kind. We have got State physicians here, and if I am in doubt on the matter I will again refer the record to a doctor, who is employed by the State of New York downstairs, or to the chief medical examiner of this Department. If he tells me there is causal relation I will find it. If he doesn't I will find that there is not." An attempt is made to construe this statement so as to make it appear that the Board did not make the decision and that the State doctors made it, and it is also sought to make this statement appear as though the board was to delegate their power to the State doctors. This would be improper and we believe that the statement was not carefully considered before it was made. It is the duty of the Board to determine a case upon all of the evidence and that is the duty devolving upon the Board and not upon the doctors. The only question in the case is a question of fact, and, if there is evidence to support it, the decision of the Board cannot be examined on appeal. There is evidence to support it. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.