J. H. LEWIS and Wife, EARLA MAE LEWIS, v. NORTH CAROLINA STATE HIGHWAY & PUBLIC WORKS COMMISSION.

(Filed 17 March, 1948.)

**1. Limitation of Actions § 1—**

The requirement of G. S., 136-19, that actions for damages for the taking of a right of way for highway purposes where the owner and the Commission cannot agree upon the amount, must be commenced within six months from the completion of the project, is a statute of limitation rather than a condition precedent to the right of action.

**2. Eminent Domain § 2—**

The right to compensation for property taken under the power of eminent domain does not rest upon statute but has always obtained in this jurisdiction.

**3. Limitation of Actions § 14—**

The fact that representatives of the Highway and Public Works Commission assured the owners of the servient tenement that the Commission would provide them a safe approach to the new highway, does not estop the Commission from pleading the six months statute of limitations as a defense to their action for damages for the taking of a right of way for highway purposes, there being no evidence that the Commission requested plaintiffs to delay the pursuit of their rights or that it made any agreement, express or implied, that it would not plead the statute.

APPEAL by petitioners from *Patton, Special Judge,* at November Term, 1947, of BUNCOMBE.

Special proceeding instituted on 4 June, 1941, before the Clerk of the Superior Court of Buncombe County, wherein petitioners seek to recover compensation for the taking of a right of way across a portion of their lands.

The Clerk appointed Commissioners to assess damages and benefits. Damages were assessed at $750.00 and benefits at $250.00. The report of the Commissioners was confirmed by the Clerk and judgment rendered in favor of the petitioners for the sum of $500.00. Respondent appealed to the Superior Court.

It is disclosed by the evidence introduced in the trial below that the road constructed on the right of way involved herein, was completed

more than six months prior to the institution of this proceeding. Whereupon, at the close of petitioners' evidence, the respondent demurred to the evidence and moved for judgment as of nonsuit. The motion was allowed. The petitioners appealed to the Supreme Court, assigning error.

*Paul J. Smith for petitioners.*
*R. Brookes Peters, Jr., and Ernest A. Gardner for respondent.*

DENNY, J. In the event the State Highway and Public Works Commission and the owner or owners of lands, cannot agree upon the amount of damages to be paid for a right of way for highway purposes, over such lands, the Commission or the owner or owners of the property may proceed to have the damages and benefits assessed as provided in G. S., 136-19, and G. S., 40-12, *et seq.* It is provided, however, in G. S., 136-19: "That all actions for damages for rights of way or other causes shall be commenced within six months from the completion of each particular project."

The petitioners offered evidence tending to show that the driveway to their residence from the new highway, was lowered to such an extent and the banks on the sides thereof were left in such condition as to make the approach to the highway dangerous. J. H. Lewis, one of the petitioners, signed a right of way agreement before the highway was constructed, but petitioners contend the road was constructed closer to their residence than they were informed it would be when the right of way agreement was executed. The evidence also tends to show that representatives of the respondent assured the petitioners after the road was completed, that the Commission would improve petitioners' driveway and provide for them a safe approach to the highway. Therefore, the petitioners allege and contend that the conduct of the representatives of the Commission was such as to constitute an estoppel; and that the Commission should not be permitted to plead the six months' statute of limitations as a defense to this proceeding, citing *Gaddis v. Road Commission,* 195 N. C., 107, 141 S. E., 358.

In the above case the statute involved provided for the aggrieved party to make application for relief within sixty days after the completion of a road. The application for relief was made within the time fixed by statute, and the court very properly held the plaintiff's right of action was not barred.

The appellee contends that the six months' statute, pleaded in bar of this proceeding, is a condition precedent affecting the cause of action itself, and is not a statute of limitations. It is contended this statute is similar to our statute which authorizes an action for wrongful death. We do not so hold. An action for wrongful death did not exist at com-

mon law, but the remedy and the right were created by the same statute, G. S., 28-173; and when the action is not brought within the prescribed time the liability created by the statute ceases. *Gulledge v. R. R.,* 148 N. C., 567, 62 S. E., 732; *Webb v. Eggleston, ante,* 574; *Curlee v. Duke Power Co.,* 205 N. C., 644, 172 S. E., 329; *Hanie v. Penland,* 193 N. C., 800, 138 S. E., 165; *Bennett v. R. R.,* 159 N. C., 345, 74 S. E., 883; *Trull v. R. R.,* 151 N. C., 545, 66 S. E., 586. On the other hand, it has never been held in this jurisdiction, that the State or its agencies can take private property for public use without just compensation. *Yancey v. Highway Com.,* 222 N. C., 106, 22 S. E. (2d), 256; *Ivester v. Winston-Salem,* 215 N. C., 1, 1 S. E. (2d), 88; *Reed v. Highway Com.,* 209 N. C., 648, 184 S. E., 513; *S. v. Lumber Co.,* 199 N. C., 199, 154 S. E., 72; *Parks v. Com.,* 186 N. C., 490, 120 S. E., 46; *Johnston v. Rankin,* 70 N. C., 550. Hence, we hold the statute under consideration to be one of limitation rather than a condition precedent.

Even so, there is nothing in this record to indicate that the petitioners, prior to the institution of this proceeding, ever demanded or requested the payment of damages by the Commission, or that the Commission agreed to perform the work on the petitioners' driveway in lieu of the payment of damages. In fact, J. H. Lewis, one of the petitioners, testified the road was finished and traffic began to move over it in September, 1940, but, "after the traffic was going on the highway and all the equipment left they did not finish what they promised to finish of mine. That is the reason I did not file suit in six months."

The facts disclosed on this record are not sufficient to bring the case within the principle of equitable estoppel. The respondent did not request the petitioners to delay the pursuit of their legal rights. Furthermore, there was no agreement, express or implied, that the respondent would not plead the statute. *Wilson v. Clement Co.,* 207 N. C., 541, 177 S. E., 632.

The ruling of the court below in granting the motion for judgment as of nonsuit is

Affirmed.