REQUESTED BY: Dear Senator Cullan:
You have asked who is making the decision if the decision of a health service agency (HSA) can be overturned by the Department of Health only if it is arbitrary and capricious or not supported by the evidence. The HSA is. The department is being limited to judicial review of the decision of the HSA. See Scott v. State of Nebraska ex rel.Board of Nursing, 196 Neb. 681, 244 N.W.2d 683 (1976), for the scope of judicial review in licensing cases.
You have asked whether the Legislature can authorize a private nonprofit corporation such as the HSA to make such decisions. We have concluded that it cannot.
A certificate of need program is an exercise of the police power. The power is an attribute of sovereignty. It may be exercised by the Legislature directly or it may be exercised indirectly by conferring the power upon agencies created by the Legislature. See Chicago v. O'Connell,278 Ill. 591, 116 N.E. 210 (1917). (In Fisher v. Board ofRegents, 108 Neb. 666, 673, 189 N.W. 161 (1922), the power was given to an agency created by the Constitution, but whose duties are prescribed by law.)
The health service agencies in Nebraska are not agencies created by the Legislature or by the Constitution. They are private nonprofit corporations under the direction of their boards of directors. See sec. 21-1916, R.R.S. 1943. Also one of the terms of their designation as HSAs by the federal government is that they are not a subsidiary of, or otherwise controlled by, any other private or public corporation or other legal entity. See 42 U.S.C. § 3001-1.(b)(1)(A).
This autonomy would not be violated if the Department of Health were authorized to contract with HSAs. The HSAs could then decide whether to enter the contract tendered.
The department could be authorized to contract with the HSAs to make preliminary findings of fact and advisory recommendations as they do now under the federal program. This fact plus the expertise of any agency limited by 42 U.S.C. § 3001-1. (b)(1)(A) to health planning and development functions should save such authorization from unconstitutionality as special legislation favoring HSAs over other nonprofit corporations. See City of Scottsbluff v. Tiemann,185 Neb. 256, 266, 175 N.W.2d 74 (1970).
The department could not be authorized to delegate the making of the final decision to HSAs. The Legislature would then be doing indirectly what it could not do directly. Also courts in other jurisdictions have held that the duty of finding facts cannot be delegated (Burk Bros. v. National Labor Relations Board, 686 (3rd Cir. 1941)), that the duty to determine a case on all the evidence cannot be delegated (Dillon v. Schapp Beef Co., 254 App. Div. 790,4 N.Y.S.2d 85 (1938)), and that the agency given the power to make a decision cannot impose a prior restraint on its decision by contract (Johnson et al. v. Board of Commissioners,192 N.C. 561, 135 S.E. 618 (1926), and Gaddis v. CherokeeCounty Road Commissioner, 195 N.C. 107, 141 S.E. 358
(1928).)
In Thiles v. County Board of Sarpy County, 189 Neb. 1,200 N.W.2d 13 (1972), the Nebraska court discussed the limitation on the power of a county board to contract with individuals for services:
 ". . . [C]ounty boards may not hire a person to perform (1) unauthorized acts, (2) official discretionary duties of the board, or (3) statutory official duties of the board or another county or state official. . ." Supra at 6.
The court would probably reach a similar decision in regard to administrative agencies such as the Department of Health.