R. H. GULLEDGE, admr., v. SEABOARD AIR LINE RAILWAY
COMPANY.

(Filed 1 April, 1908).

1. Revisal, sec. 59—Actions—Negligence—*Killing*—One Year—Condition Annexed—Limitations of Actions.

Under Revisal, sec. 59, giving a cause of action on account of the wrongful killing of intestate to the (executor) administrator or collector of decedent, the provision that suit should be brought within one year after such death is a condition annexed and must be proved by the plaintiff to make out a *prima facie* case, and is not required to be pleaded as a statute of limitation.

2. Same—Controversy—Executors and Administrators—Collectors.

It is no excuse for plaintiff not bringing an action under Revisal, sec. 59, within one year, etc., to show that there was a controversy over the administration. A collector should have been appointed for the purpose of suit.

ACTION to recover damages for the death of plaintiff's intestate, tried before *Webb., J.,* and a jury, at October Term, 1907, of ANSON.

There was a verdict and judgment against defendant and an appeal therefrom to this Court.

*Robinson & Caudle, H. H. McLendon, J. T. Bennett* and *J. A. Lockhart* for plaintiff.

*John D. Shaw* and *Murray Allen* for defendant.

BROWN, J. The defendant moved to dismiss the action because the evidence of plaintiff disclosed that the action had not been commenced within one year from the death of plaintiff's intestate. The intestate died 16 April, 1902, and the action was not commenced until 26 January, 1906. The plaintiff contends that the statute of limitations has not been pleaded in the answer, and, further, that there was a prolonged contest over letters of administration upon the intestate's estate, begun 7 June, 1902, and ended in June, 1905, which time should not be counted, under Revisal, sec. 369. This action is brought under section 59 of the Revisal of

1905: "Whenever the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their administrators, executors, collectors or successors, shall be liable to an action for damages, to be brought within one year after such death, by the executor, administrator or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default causing the death amount in law to a felony."

Unfortunately for the plaintiff's case, this Court has heretofore interpreted the words "to be brought within one year," contained in the statute, as a condition annexed to the cause of action, and not as a statute of limitation which must be pleaded. Before the plaintiff can make out a *prima facie* case he must offer evidence tending to prove that the action was commenced within one year after death.

In *Taylor v. Cranberry Co.,* 94 N. C., 526, *Justice Merrimon,* speaking for the Court, says: "This is not strictly a statute of limitation. It gives a right of action that would not otherwise exist, and the action to enforce it must be brought within one year after the death of the testator or intestate. It must be accepted in all respects as the statute gives it."

In *Best v. Kinston,* 106 N. C., 205, it is held that the fact that no administrator was appointed does not vary the rule, as no explanation why the action was not brought within one year can avail. These cases are cited with approval in the more recent case of *Hartness v. Pharr,* 133 N. C., 571.

The old law prohibiting usury contained a similar clause, requiring that the action must be commenced within two years. It was held not to be a statute of limitation and that the statute need not be pleaded; for, says the Court, "Unless he commences his action within two years from the usurious transaction, he has no cause of action." *Roberts v. Insurance*

*Co.,* 118 N. C., 434; *Tayloe v. Parker,* 137 N. C., 418.    The present statute in respect to usury is different and creates a statute of limitation.    This condition which the Legislature has annexed to the cause of action works no hardship upon the next of kin, for whose benefit the statute was enacted, for the statute provides that the action may be brought by a collector as well as an executor or administrator.    Doubtless the General Assembly wisely intended to compel the commencement of such actions before time had obliterated the evidence relating to the cause of death.    The fact that a controversy over the administration was pending could not prevent the next of kin of plaintiff's intestate from having a collector appointed, who could have brought the action within the statutory time.    By reason of their failure to do so they have now no cause of action which the administration can assert.    The motion to nonsuit is allowed.

Reversed.