R. L. BELCH v. SEABOARD AIR LINE RAILROAD COMPANY.

(Filed 11 September, 1918.)

1. **Master and Servant—Employer and Employee—Federal Employers' Liability Act—Statutes.**

   The Federal Employers' Liability Act, Fed. Stat., Anno., 1909 Supp., p. 584, regulating suits for physical injuries or death of employees of railroads while engaged as common carriers of interstate commerce, wrongfully caused by the negligence of the officers, agents or employees of such carriers, or by reason of negligence in their cars, engines, appliances, machinery, etc., so essentially modifies the common-law actions of negligence that all suits coming under its provisions are properly regarded as statutory and affords the controlling and exclusive rule of liability in suits of this character in instances in which it excludes liability, as well as those in which liability is imposed.

2. **Actions—Time for Commencement—Limitation of Actions.**

   Section 6 of the Federal Employers' Liability Act, providing that no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued, is not in strictness a statute of limitation affecting only the remedy, but is a statutory condition of liability affecting the claimant's right of action which must have been complied with in order that he may sustain it.

3. **Same—Nonsuit.**

   Revisal, sec. 370, allowing a new action to be brought within twelve months after nonsuit, is inoperative where the Federal Employers' Liability Act controls the subject-matter, and will not be allowed to affect section 6 of the Federal act requiring, without exception or modification, that actions coming within its provisions shall not be maintained thereunder unless commenced within two years from the day the cause of action accrued; and the State statute may not extend the time of commencing such action for a greater period of time than the Federal statute allows.

4. Master and Servant — Employer and Employee — Federal Employers' Liability Act— Repealing Acts— Conditions Precedent— Limitation of Actions.

The Federal Judiciary Acts of 1789, U. S. Rev. St., sec. 721, under which the State statutes have been the general rule of limitation as to. common-law actions, cannot apply to the later Federal statute known as the Federal Employers' Liability Act, which provides, in effect, by section 6, for the causes therein embraced, action shall be commenced within two years from the day the cause thereof accrued; and this is true whether the restriction of two years be regarded as a statute of limitation or a condition of liability affecting the claimant's right.

ACTION under the Federal Employers' Liability Act, tried before *Devin, J.,* and a jury, at December Term, 1917, of NEW HANOVER.

The trial having been entered upon and the jury impaneled, it appeared from the averments in plaintiff's complaint as amended and the admissions on the argument that in August, 1913, plaintiff, an employee of the defendant, a railroad company engaged at the time as a common carrier of interstate commerce, received serious physical injuries attributable to the negligence of defendant's officers, agents, etc.; that soon thereafter and within two years of the occurrence, plaintiff instituted an action to recover for said injuries in the Superior Court of Robeson County, in said State, and same pended in said court till the trial was entered upon, and in said trial there was judgment of nonsuit against the plaintiff; that within one year from said nonsuit and more than two years of the occurrence, plaintiff instituted the present action to recover for same injury; and defendant having, among other things, plead the two years time in bar of recovery, on motion, the court entered judgment dismissing the action in form as follows:

"This cause having been called for trial, and the trial having been started, and the jury having been impaneled, and upon reading the pleadings the counsel for the defendant made a motion to dismiss the action, because, upon the complaint as amended, appeared that this action was not brought within two years, as required by the act of Congress; and the court being of the opinion that the action was not brought within two years, as required by the act of Congress, and that the local State statute allowing the plaintiff to bring a new action within one year after a nonsuit had no application, and that therefore the defendant's motion should be allowed:

"It is, therefore, on motion of the counsel for the defendant, ordered and adjudged that the plaintiff's action be and the same is hereby dismissed, and that the defendant go without day, without recovering any costs, as the suit is brought *in forma pauperis.*"

From this judgment plaintiff appealed.

*E. K. Bryan and J. Felton Head for plaintiff.*
*John D. Bellamy & Son for defendant.*

HOKE, J. The Federal Employers' Liability Act (Fed. Stat. Anno., 1909 Supp., p. 584) was designed and intended to regulate suits for physical injuries or death of employees of railroads while engaged as common carriers of interstate commerce, wrongfully caused by the negligence of the officers, agents, or employees of such carriers, or by reason of "negligence on their cars, engines, appliances, machinery, track, road-bed, works, boats, wharves, or other equipment"; and section 6 of said act provides, among other things, "That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued," etc.

In authoritative decisions construing the statute it is held that the same affords the controlling and exclusive rule of liability in suits of this character, and that this position is effective and "as comprehensive of those instances in which it excludes liability as of those in which liability is imposed." *Erie R. R. v. Winfield,* 244 U. S., 170; *N. Y. Central v. Winfield,* 244 U. S., 147; *St. Louis, etc., R. R. v. Hesterly, Admr.,* 228 U. S., 702; Second Employers' Liability Cases, 223 U. S., 1.

In *Erie R. R. v. Winfield, supra,* as reported in Anno. Cases, 1918, B, at p. 662, a very satisfactory *syllabus* of the decision appears in the first headnote, as follows:

"Congress intended the Employers' Liability Act of 22 April, 1908 (35 Stat. L., 65, c. 149; Fed. St. Ann., 1909 Supp., p. 584) regulating the liability of an interstate railway carrier in case of the injury or death of an employee when employed in interstate commerce, to be as comprehensive of those instances in which it excludes liability, *i. e.,* where there is no causal negligence for which the carrier is responsible, as of those in which liability is imposed, and in both classes such act is paramount to and exclusive of State regulation." And in *N. Y. Central R. R. v. Winfield,* Reporter's Edition, it is said:

"The liabilities and obligations of interstate railroad carriers to make compensation for personal injuries suffered by their employees while engaged in interstate commerce are regulated both exclusively and inclusively by the Federal Employers' Liability Act, and, having thus fully covered the subject, no room exists for State regulation, even in respect of injuries occurring without fault, as to which the Federal statute makes no provision."

The law in question contains such essential modifications of the common-law actions of negligence that all suits coming under its provisions should be properly regarded as statutory in character (*Union Pacific Ry. v. Wyler,* 158 U. S., 285, and *Morrison v. Baltimore & Ohio,* 140

App. Cas. Dis. Co., 139); and, this being true, the cases on the subject fully justify the interpretation that this period of two years, fixed upon by section 6, is not in strictness a statute of limitations affecting only the remedy, but is a statutory condition of liability affecting the claimant's right of action. And, as the correct deduction from this position, it has been expressly held that the provision very generally appearing in the State statute of limitations, to the effect that an action otherwise barred may be maintained if commenced within twelve months after nonsuit, has no application to cases coming under the Federal law; that the action required by this law to be brought within two years from the time the cause of action accrued means, by correct interpretation, the action in which recovery must be obtained, to wit, the last action; and the requirement holds, notwithstanding the time covered by any former suit for the same cause. *Vaught v. Va. & S. W. R. R.,* 132 Tenn., 679; *Shannon v. Boston & M. R. R.* (New Hampshire), 92 Att., 162.

Decisions that are in accord with approved text-books on the subject: Thornton on Employers' Liability, etc., Acts (3d Ed.), sec. 158; Ritchie on Employers' Liability, etc., Acts, secs. 101, 103, 104, and find general support in *The Harrisburg,* 119 U. S., 199; *U. S., etc., v. Boomer et al.,* 183 Fed., 726, and many other cases.

We are not aware that the Supreme Court of the United States has made decision on this question in direct reference to the statute we are now considering, but the general principle has been approved and applied in actions on insurance policies where there was a contractual limitation as to the time of commencing the action.

Thus, in *Riddlesbarger Insurance Co.,* 74 U. S., 387, where the policy stipulated that actions thereon should be brought within twelve months after loss, suit on the policy having been brought after that time and a State statute pleaded, allowing a second suit if brought within twelve months after nonsuit of a former action commenced within the time, recovery was denied, and *Associate Justice Field,* speaking to the question, said: "The action mentioned which must be commenced within the twelve months is the one which is prosecuted to judgment. The failure of the previous action from any cause cannot alter the case. The contract declares that an action shall not be sustained unless such action shall be commenced within the period designated. It makes no provision for any exceptions in the event of failure of an action commenced, and the court cannot insert one without changing the contract." A ruling that, so far as examined, has been recognized and upheld in every State court where the question has been presented and these contract limitations are allowed. *Hocking v. Ins. Co.,* 130 Pa. St., 170; *Wilson v. Ins. Co.,* 97 Ga., 722; *Harrison v. Ins. Co.,* 102 Iowa, 112; *McFarland v. Ins. Co.,* 6 W. Va., 437; *Guthrie v. Indemnity Co.,* 101 Tenn., 643; *McElray v. Ins. Co.,* 48 Kansas, 200.

We are not inadvertent to several decisions of our own Court which hold that this provision (Rev., 370), allowing a new action to be brought within twelve months after nonsuit, applies to all cases of nonsuit, including actions for wrongfully causing the death of another, required by our statute to be brought within one year after the death (Rev., 59), and held with us to be a statutory condition of liability. *Gullidge v. R. R.,* 148 N. C., 567; *Meekins v. R. R.,* 131 N. C., 1.

But while this is the recognized position as to suits governed by the laws of this jurisdiction, it may not be allowed to prevail when a Federal statute conferring the right of action has fixed upon two years as the time within which the action should be brought, without any modification by reason of the pending of a former suit; and our highest Court, as stated, construing the law, has held that the statute itself affords the exclusive and controlling rule of liability in all cases coming under its provisions.

Even if the statutory restriction of two years should be regarded as a statute of limitations, it may not avail the plaintiff. Ever since the Federal Judiciary Act of 1789 (U. S. Rev. St., sec. 721), the State statute has been the general rule of limitations as to common-law actions in the Federal Court. *Bauserman v. Blunt,* 147 U. S., 647; *Junielle v. Billman Co.,* 229 Fed., 333. But no such rule can obtain when a later Federal statute governing the matter makes express provision to the contrary. *U. S. v. Boomer,* 183 Fed., *supra.*

In this case, as stated, the action, under and by virtue of such a statute, is required to be brought within two years from the time the cause of action accrued. There is in it no exception or modification of this limitation by reason of the pending of a former action, nor any provision extending the time·for a stated period after nonsuit had; and, in any aspect of the case, we concur in his Honor's view, and are of opinion that the action has been properly dismissed.

Affirmed.