MYRTLE HANIE, ADMINISTRATRIX, v. D. H. PENLAND, SHERIFF, AND JOE RICE.

(Filed 25 May, 1927.)

**Actions—Wrongful Death—Negligence—Statutes—Conditions Annexed—Statute of Limitations.**

The statutory requirement that action must be brought in a year to recover damages on account of the wrongful killing of another is a condition annexed thereto, and need not be pleaded as a statute of limitation in defense; and where there is no evidence tending to show that the plaintiff has performed this condition, he may not maintain his action. C. S., 160.

CIVIL ACTION, tried before *Schenck, J.,* at November Term, 1926, of BUNCOMBE.

The plaintiff is the duly appointed administratrix of Garfield Hanie, her husband, who was killed by the defendant Joe Rice on or about 7 April, 1924. The plaintiff further alleged and offered evidence tending to show that Joe Rice was a special deputy of the defendant D. H. Penland, sheriff of Buncombe County; that on or about 6 April, 1924, the said Joe Rice went to the office of B. L. Lyda, a justice of the peace of Asheville, and made an affidavit, upon oath, that one...... .......did unlawfully, etc., maintain and set up a gambling board, to wit, "a punchboard, etc." Thereupon, on 6 April, 1924, the said justice of the peace issued a warrant directed "to any constable or other lawful officer of Buncombe County, commanding the arrest of 'John Doe, alias.'" Thereafter, on 7 April, 1924, the said Joe Rice, special deputy, went to Woodfin, on the Weaverville road, and saw a man who he was informed was the "punchboard man." This unidentified person got in his car and started to move off. Rice jumped on the running board. The occupant of the car either pushed Rice off the car or Rice got off, and thereupon drew his pistol and began to fire at the car. Garfield Hanie, plaintiff's intestate, passed by the side of the car at that time and was shot by the defendant Rice and killed. It does not appear who the occupant of the car was, or whether he was the "punchboard" man or not. Garfield Hanie, plaintiff's intestate, was an innocent bystander, and had no connection whatever with the transaction. The defendant Rice contended that the shooting of Hanie was an accident. However, he filed no answer, and judgment was taken against him by default. The cause of action alleged by plaintiff against the defendant Penland is based upon the theory that the sheriff is responsible for the negligence of his deputies.

The ninth paragraph of the complaint is as follows: "That by reason of the negligence of the defendants in the manner and respect herein alleged, and as a proximate cause thereof, the plaintiff's intestate was unlawfully and wrongfully killed by the defendants above named."

At the conclusion of plaintiff's evidence, there was judgment of nonsuit, and the plaintiff appealed.

*W. R. Gudger and Zeb F. Curtis for plaintiff.*
*A. Hall Johnston for defendant Penland.*

BROGDEN, J. The cause of action alleged in the complaint was for wrongful death of Garfield Hanie, plaintiff's intestate, by virtue of the negligence of Joe Rice, a special deputy of defendant Penland, sheriff of Buncombe County.

51—193

. The plaintiff offered in evidence the summons in the action, issued 8 March, 1926, and served on the defendants on 9 and 12 March, 1926. It further appears from the record that plaintiff's intestate was killed on 7 April, 1924. It does not appear from the record that there was any evidence whatever offered tending to show that the suit for wrongful death of plaintiff's intestate was brought within a period of one year from the date of the accrual of the cause of action, to wit, 7 April, 1924. Indeed, the summons which was offered in evidence shows conclusively that the suit was not brought within one year after the cause of action accrued. C. S., 160, provides that an action for wrongful death must be "brought within one year after such death by the executor, administrator, or collector of decedent."

In *Bennett v. R. R.,* 159 N. C., 346, this Court held: "Under this statute, giving a cause of action on account of the wrongful killing of another, the provision that suit shall be brought within one year after death is a condition annexed, and must be proved by the plaintiff to make out a cause of action, and is not required to be pleaded as a statute of limitation." *Gulledge v. R. R.,* 147 N. C., 234; *Gulledge v. R. R.,* 148 N. C., 567; *Belch v. R. R.,* 176 N. C., 22; *Reynolds v. Cotton Mills,* 177 N. C., 412; *Brick Co. v. Gentry,* 191 N. C., 636.

The judgment of nonsuit is therefore correct, and is

Affirmed.