J. T. DAVIS, Administrator, v. NORFOLK SOUTHERN RAILROAD COMPANY et al.

(Filed 18 February, 1931.)

**Death B a: Judgments L a—In this case held: action against individual defendant was barred, he not being party to prior action nonsuited.**

Where an action for wrongful death is brought against a corporate and an individual defendant more than one year after the date of the death, but within one year from the date of a voluntary nonsuit in an action brought within the year against the corporate defendant alone, the action is properly nonsuited as to the individual defendant, he not being a party to the first suit nor affected by the nonsuit therein rendered. C. S., 160, 415.

Appeal by plaintiff from *Harris, J.,* at September Term, 1930, of Currituck.

Civil action for wrongful death alleged to have been caused by the negligence of the defendants.

The facts challenged by demurrer are these: On 26 July, 1925, plaintiff's intestate was killed by the corporate defendant's locomotive in charge of H. A. Lewis, engineer. Within a year thereafter, plaintiff instituted a suit against the Norfolk Southern Railroad Company to recover damages for the said alleged wrongful death, which action, after removal to the Federal Court for trial, was terminated by voluntary nonsuit on the part of plaintiff. Within a year following said nonsuit in the Federal Court, but after the lapse of more than a year from the death of plaintiff's intestate, the present suit was instituted against the Norfolk Southern Railroad Company and H. A. Lewis.

From a judgment sustaining a demurrer interposed by the individual defendant and dismissing the action as to him, the plaintiff appeals, assigning error.

*Ehringhaus & Hall for plaintiff.*
*Thompson & Wilson for defendant, H. A. Lewis.*

STACY, C. J., after stating the case: As suit was not brought against H. A. Lewis within one year after the death of plaintiff's intestate, the demurrer interposed by him was properly sustained. *Tieffenbrun v. Flannery,* 198 N. C., 397, 151 S. E., 857. An action for wrongful death, brought under C. S., 160, is required to be instituted against the person or corporation liable therefor within one year after such death. *Bennett v. R. R.,* 159 N. C., 345, 74 S. E., 883.

That an action was brought against the Norfolk Southern Railroad Company within the time prescribed, and judgment of voluntary nonsuit entered therein, and the present action commenced against the Norfolk-Southern Railroad Company and H. A. Lewis within one year following said nonsuit, but after the lapse of more than a year from the death of plaintiff's intestate, while sufficient to save the case as against the corporate defendant *(Trull v. R. R.,* 151 N. C., 545, 66 S. E., 586), will not avail the plaintiff as against the demurrer of the individual defendant who was not a party to the first suit. C. S., 415. See *Link v. R. R.,* 198 N. C., 78, 150 S. E., 672; *Murray v. R. R.,* 196 N. C., 695, 146 S. E., 801; *Capps v. R. R.,* 183 N. C., 181, 111 S. E., 533, and *Belch v. R. R.,* 176 N. C., 22, 96 S. E., 640; also *Motsinger v. Hauser,* 195 N. C., 483, 142 S. E., 589.

Affirmed.