HETTIE MATHIS, ADMINISTRATRIX OF WATSON MATHIS, DECEASED, v. CAMP MANUFACTURING COMPANY.

(Filed 29 March, 1933.)

1. **Death B a—**

An action for wrongful death must be brought within one year of the accrual of the cause of action, and plaintiff must prove that the action was brought within the prescribed time, and this provision is not a statute of limitation but a condition affecting the cause of action. C. S., 160.

2. **Same—Action instituted in Superior Court for wrongful death will not be considered continuation of proceedings under Compensation Act.**

Where a proceeding for compensation is instituted before the Industrial Commission by the dependent widow of a deceased employee against the employer and its insurance carrier, and the proceeding is dismissed, an action thereafter begun in the Superior Court by the widow as administratrix against the employer to recover for the employee's wrongful

death will not be considered a continuation of the proceedings before the Industrial Commission so as to relate back to the time of the institution of such proceedings, and the action instituted in the Superior Court is barred if not brought within one year from the employee's death. C. S., 160, there being a distinction between dismissal of proceedings under the Compensation Act and a nonsuit entered in an action instituted in the Superior Court entitling plaintiff to institute a new action within one year, C. S., 415.

APPEAL by plaintiff from *Devin, J.,* at October Term, 1932, of PENDER. Affirmed.

Watson Mathis, husband of Hettie Mathis, died intestate on 2 October, 1930, while in the employ of the defendant as skidder foreman. Soon after his death Hettie Mathis brought a proceeding before the North Carolina Industrial Commission entitled "Hettie Mathis, dependent wife of Watson Mathis, deceased, plaintiff, *v.* Camp Manufacturing Company, employer, and Consolidated Underwriters, carrier." From an order of the Industrial Commission an appeal was taken to the Superior Court and at the December Term, 1931, of Gates County Judge Frizzelle made an order that the proceeding be remanded to the Industrial Commission for the purpose of being dismissed, on the ground that the deceased at the time of his death was a railroad employee and was not bound by the Workmen's Compensation Act. From this order there was no appeal. The proceeding was dismissed.

On 15 June, 1931, Hettie Mathis qualified as administratrix of the estate of her deceased husband and on 20 August, 1932, brought this action in the Superior Court of Pender County to recover damages for the wrongful death of her husband. The defendant filed a plea in abatement on the ground that the action cannot be maintained. Judge Devin sustained the plea and dismissed the action. The plaintiff excepted and appealed.

*George R. Ward for plaintiff.*
*J. J. Best and Herbert McClammy for defendant.*

ADAMS, J. Any person who causes the wrongful death of another is liable to an action for damages to be brought by the personal representative of the deceased within one year after the death. C. S., 160; *Davis v. R. R.,* 200 N. C., 345. The provisions as to time is not a statute of limitation but a condition affecting the cause of action. *Gulledge v. R. R.,* 148 N. C., 567. It follows, not only that the plaintiff must bring his action within one year after the death; he must at the trial make proof of the fact. *Hanie v. Penland,* 193 N. C., 800; *Hatch v. R. R.,* 183 N. C., 617; *Bennett v. R. R.,* 159 N. C., 345. The plaintiff complies with this provision of the statute if he begins his action within the

prescribed time, takes a nonsuit, and institutes a new action within one year after nonsuit. C. S., 415; *Trull v. R. R., 151* N. C., 545; *Brooks v. Lumber Co.,* 194 N. C., 141. The second action would thus relate back to the beginning of the first. *Quelch v. Futch,* 174 N. C., 395. Compare *Loan Co. v. Warren, ante,* 50.

The plaintiff's intestate died 2 October, 1930; the proceeding first instituted was dismissed in December, 1931; the plaintiff brought this suit 20 August, 1932. The action is therefore tolled unless it can be construed as a continuation after nonsuit of the proceedings begun before the Industrial Commission. This is the position on which the plaintiff relies, but we are of opinion that it cannot be maintained.

Only for the purpose of the argument, we may accede to the proposition that the judgment dismissing the proceedings before the Industrial Commission did not necessarily prevent the plaintiff from beginning anew. *Pescud v. Hawkins,* 71 N. C., 299. Another fact, however, must be kept in mind. Section 415 applies only to actions instituted in the regular course of civil procedure and not to collateral or incidental proceedings. "This appears from the legal meaning of the terms employed and the obvious implication arising upon them, taken together, to express the legislative intent. The leading important words are 'an action,' 'an action commenced within the time prescribed therefor,' 'a judgment therein,' 'reversed on appeal,' or 'arrested,' 'the cause of action survived,' 'a new action.' " *McIlhenny v. Trust Co.,* 108 N. C., 311. The two suits must be for substantially the same cause and the parties must be identical. *Quelch v. Futch, supra.*

In the pending case these conditions are not met. The tribunals are diverse in their origin, their jurisdiction, their purpose. The Industrial Commission is the creature of statute; the Superior Court is grounded in the Constitution. The Commission administers compensation without regard to fault as the basis of liability. *Conrad v. Foundry Co.,* 198 N. C., 723. Under section 160 the Superior Court awards damages only when the death of a person is caused by the wrongful act, neglect, or default of another. The distinction between the administrative functions of the one and the judicial functions of the other is pointed out in *Brown v. R. R.,* 202 N. C., 256.

The parties and causes are distinct. The proceedings before the Industrial Commission were brought by Hettie Mathis, as dependent wife, against the Camp Manufacturing Company and Consolidated Underwriters, carrier, for an award of compensation under the terms of the Workmen's Compensation Act. The present action is prosecuted to recover damages, which would be disposed of under the statute providing for the distribution of personal property in case of intestacy. The judgment is

Affirmed.