JAMES CURLEE, ADMINISTRATOR OF JOHN CURLEE, DECEASED, v. DUKE POWER COMPANY, LEE WRIGHT, AND JOHN WRIGHT ET AL.

(Filed 10 January, 1934.)

**Death B a—Provision that action for wrongful death must be brought within one year is condition annexed to the cause of action.**

The right of action to recover for wrongful death is conferred solely by statute, C. S., 160, and the provision therein that the action must be brought within one year from the date of death is a condition annexed to the cause of action and must be strictly observed, and allegations that defendants conspired together to prevent the fact of death being known and that plaintiff administrator was not appointed until several years after intestate's death when the fact of his death was discovered, is not sufficient to overrule defendants' motion of nonsuit based on the fact that the complaint showed that the action was not brought within the time limit prescribed.

APPEAL by plaintiff from *Sink, J.,* at March Term, 1933, of FORSYTH. Affirmed.

This is an action for actionable negligence, brought by plaintiff against the defendant, Duke Power Company, and others. The plaintiff in the complaint alleges that his intestate was killed by the negligence of defendant, Duke Power Company, in July, 1926. The complaint also charges a conspiracy on the part of the Duke Power Company, the physician and undertaker to suppress the fact of his intestate's death to avoid liability. That the death of plaintiff's intestate was not discovered by his relatives until the latter part of 1931. "That, as plaintiff is informed

and believes, all of the defendants, with full knowledge of the fact that John Curlee suffered death by reason of the negligence of the defendant, Duke Power Company, entered into a scheme or conspiracy to suppress the facts regarding John Curlee's death and to withhold such facts from his relatives, said scheme or conspiracy being formed for the purpose of preventing a suit to recover damages for the wrongful death of plaintiff's intestate and in that manner to defeat the legal rights of the estate of John Curlee; that in furtherance of such scheme or conspiracy the defendant, Dr. H. H. Newman, failed to file a death certificate with the register of deeds of Rowan County, North Carolina, and failed to make a report as acting coroner to the clerk of the Superior Court of the said county as required by law; that the defendants, Wright and Son, failed to make a record of the death and burial of the said John Curlee; that all of the defendants withheld knowledge of the facts from the press, and that none of the defendants made any attempt whatever to notify John Curlee's relatives of his death."

The plaintiff further alleges in the complaint that on account of the above facts, the plaintiff and other relatives of deceased did not know of such wrongful death and were unable to find out about it by the exercise of reasonable diligence. It is further alleged that the relatives of the deceased lived at Wadesboro, N. C.

The record discloses that Lee Wright and John Wright do not compose the firm of Wright and Son, but that Geo. W. Wright is the sole owner of the Wright Undertaking establishment in Salisbury, N. C. He was thereafter made a party defendant.

Plaintiff duly qualified as administrator of the estate of John Curlee, deceased, on 16 February, 1932. The summons in this action was issued on 4 January, 1933.

The defendant, Duke Power Company demurred to the complaint, as follows: "That this court is without jurisdiction in the premises for that it appears from the plaintiff's complaint that John Curlee met his death in the spring or summer of the year 1926, more than one year prior to the institution of this action, and that section 160 of the Consolidated Statutes, granting recovery for death by wrongful act, prescribes that the action must be brought within one year from death and that such requirement is jurisdictional."

The defendant in its brief says: "While the allegations set out in the plaintiff's complaint and amended complaint must be taken as true for the purpose of this appeal, it is only fair to point out to the court that these allegations would be denied had the defendants filed answer."

The action against the defendants Geo. W. Wright and Dr. H. H. Newman has been removed to Rowan County, N. C., and abides the decision in this case.

The judgment in the court below is as follows: "This cause coming on to be heard and being heard at 13 March Term, 1933, of the Superior Court of Forsyth County, before his Honor, H. Hoyle Sink, judge presiding, upon the plaintiff's complaint and amended complaint and upon the demurrer interposed by the defendant, Duke Power Company, to the plaintiff's complaint and amended complaint, and after arguments of counsel, the court being of the opinion that the demurrer interposed by the Duke Power Company should be sustained; now, therefore, it is ordered, adjudged and decreed that the demurrer interposed by Duke Power Company be and the same is hereby sustained and the plaintiff's action is hereby dismissed as to the Duke Power Company."

The plaintiff excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*E. M. Whitman for plaintiff.*
*Manly, Hendren & Womble for defendants.*

CLARKSON, J. We see no error in the ruling of the court below sustaining the demurrer. C. S., 160, is as follows: "When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their executors, administrators, collectors, or successors, shall be liable to an action for damages, to be brought within one year after such death, by the executor, administrator or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default, causing the death, amounts in law to a felony. The amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, but shall be disposed of as provided in this chapter for the distribution of personal property in case of intestacy. In all actions brought under this section the dying declarations of the deceased as to the cause of his death shall be admissible in evidence in like manner and under the same rules, as dying declarations of the deceased in criminal actions for homicide are now received in evidence." Public Laws, 1933, chap. 113, amends this section by allowing burial expenses. The General Assembly, the legislative branch of the government, enacts the law subject to constitutional limitations. It is our sole duty to construe the law as written. The law fixes one year in which an action can be brought for death by wrongful act, neglect or default of another.

At common law a civil action could not be brought for the wrongful death of a human being. In 1846 an act was passed by the English Parliament known as Lord Campbell's Act (9 and 10 Vict. C., 93),

which made such action permissible. The above statute in this State is patterned after the Lord Campbell Act.

In *Neely v. Minus,* 196 N. C., 345 (347), it is said: "Our decisions are to the effect that the provisions of law that a suit for wrongful death must be brought within one year, is a condition annexed and must be ·proved by the plaintiff to make out a cause of action, and is not required to be pleaded as a statute of limitation."

A construction of this act, by this Court citing numerous authorities, is exhaustively set forth in *Tieffenbrun v. Flannery,* 198 N. C., 397 (404), it is there said: "All statutes of limitations are essentially time clocks, and while C. S., 160, has been construed as a condition annexed to the cause of action, it is also a time limit to the procedure. At all events, it is legislative declaration of the policy of this State, providing in express and mandatory language that no action for wrongful death shall be asserted in the courts of this State after the expiration of one year from the time of death."

The decisions of this State are to the effect that this provision requiring suit to be brought within one year after the death must be strictly complied with. No explanation as to why the action was not brought within such time can avail. The fact that no administrator was appointed does not vary the rule. *Taylor v. Iron Co.,* 94 N. C., 525 (526); *Best v. Kinston,* 106 N. C., 205.

The allegations in plaintiff's complaint we do not think sufficient to sustain an action under C. S., 160. The action, to say the least, is novel and we cannot stretch the statute to give plaintiff a cause of action under the facts set forth in the complaint. The statute requires the action "to be brought within one year after such death." In the present case it is some six years, and the charge of conspiracy as alleged in the complaint we do not think sufficient to toll or broaden the statute.

It must be borne in mind that this is an action brought by plaintiff, under C. S., 160. *Taylor v. Iron Co., supra,* a case written by *Merrimon, J.,* is decisive of this controversy. Speaking to the subject in that case, at p. 526-7, it is said: "This is not strictly a statute of limitation. It gives a right of action that would not otherwise exist, and the action to enforce it, must be brought within one year after the death of the testator or intestate, else the right of action will be lost. It must be accepted in all respects as the statute gives it. Why the action was not brought within the time does not appear, *but any explanation in that respect would be unavailing, as there is no saving clause as to the time within which the action must be begun.*" (Italics ours.) For the reasons given, the judgment of the court below is

Affirmed.