MRS. B. E. COLYAR, JR., ADMINISTRATRIX OF THE ESTATE OF LORAIN BROOKINS, DECEASED, v. ATLANTIC STATES MOTOR LINES, INC.

(Filed 14 December, 1949.)

**1. Death § 4—**

Right of action for wrongful death is solely statutory and the statutory requirement that the action be instituted within one year from the date of such death is a condition annexed to the right of action and not a limitation. G.S. 28-173.

**2. Same—**

Plaintiff in an action for wrongful death is not required to allege in the complaint that the action was brought within one year from the date of death, but is required to show compliance with this statutory condition by proof upon the trial. *Wilson v. Chastain,* 230 N.C. 390, modified.

ERVIN, J., dissenting.

APPEAL by plaintiff from *Edmundson, Special Judge,* at May Term, 1949, of RICHMOND.

This is an action for wrongful death.

The date of the death of plaintiff's intestate is alleged in the complaint and the summons shows that the action was instituted less than one year from such date, but the complaint did not allege that the action was brought within one year of the death of plaintiff's intestate.

Upon the call of the case for trial, the plaintiff moved to amend, so as to allege the action was brought within one year from the death of plaintiff's intestate. Motion denied. Exception. Whereupon, the defendant demurred *ore tenus,* on the ground that the complaint did not allege that this was an action for wrongful death and that it was instituted within one year after such death.

The demurrer was sustained on authority of *Wilson v. Chastain,* 230 N.C. 390, 53 S.E. 2d 290.

The plaintiff excepted to the ruling and appeals, assigning error.

*A. A. Reaves for plaintiff.*
*J. Laurence Jones and Fred W. Bynum, Sr., for defendant.*

DENNY, J.   The right to maintain an action for damages for wrongful death was created by statute, now codified as G.S. 28-173.   No such action existed at common law.   And it has been uniformly held that an action for wrongful death must be instituted within one year of such death, otherwise no cause of action exists.   *McCoy v. R. R.,* 229 N.C. 57, 47 S.E. 2d 532; *Webb v. Eggleston,* 228 N.C. 574, 46 S.E. 2d 700; *George v. R. R.,* 210 N.C. 58, 185 S.E. 431; *Curlee v. Power Co.,* 205 N.C. 644, 172 S.E. 329; *Tieffenbrun v. Flannery,* 198 N.C. 397, 151 S.E. 857, 68 A.L.R. 210; *Davis v. R. R.,* 200 N.C. 345, 157 S.E. 11; *Best v. Town of Kinston,* 106 N.C. 205, 10 S.E. 997; *Taylor v. Iron Co.,* 94 N.C. 525.

The statutory requirement that an action for wrongful death must be instituted within one year from the date of such death, is a condition annexed to the right to maintain the action, and not an element of the cause of action.   As this is a condition annexed to the right, and not a limitation, compliance therewith must be shown at the hearing, but need not be pleaded.   *Mathis v. Mfg. Co.,* 204 N.C. 434, 168 S.E. 515; *Tieffenbrun v. Flannery, supra; Neely v. Minus,* 196 N.C. 345, 145 S.E. 771; *Hanie v. Penland,* 193 N.C. 800, 138 S.E. 165; *McGuire v. Lumber Co.,* 190 N.C. 806, 131 S.E. 274; *Hatch v. R. R.,* 183 N.C. 617, 112 S.E. 529; *Capps v. R. R.,* 183 N.C. 181, 111 S.E. 533; *Bennett v. R. R.,* 159 N.C. 345, 74 S.E. 883; *Trull v. R. R.,* 151 N.C. 545, 66 S.E. 586; *Gulledge v. R. R.,* 147 N.C. 234, 60 S.E. 1134.   The plaintiff complied with the statute when she brought her suit within the prescribed time.   *Mathis v. Mfg. Co., supra.*   However, she must prove such compliance at the trial by introducing evidence "showing that the action was brought within the statutory period."   *Tieffenbrun v. Flannery, supra.*   This is ordinarily done by introducing the summons in evidence.   And in order to meet the requirement of the statute in this respect, it is not necessary to allege in a complaint for damages for wrongful death that "the action is brought within one year of the intestate's death."   Our wrongful death statute was enacted nearly one hundred years ago, and this Court has never held or intimated that such an allegation is necessary except in the recent case of *Wilson v. Chastain, supra,* in which case the question was not presented. It follows, therefore, that the decision in *Wilson v. Chastain* is modified in so far as it appears to be in conflict with this decision.

The ruling of his Honor in sustaining the demurrer interposed by the defendant is

Reversed.

COLYAR *v.* MOTOR LINES.

ERVIN, J., dissenting: This dissent is based on the conviction that the law is correctly stated in *Wilson v. Chastain,* 230 N.C. 390, 53 S.E. 2d 290.

Since it must furnish the myriad rules necessary to regulate the affairs of men in the manifold relations of life, the law inevitably tends to become a labyrinth in which the unwary is likely to miss his way. For this reason, courts should cherish consistency and simplicity in law whenever that is possible. It is certainly highly desirable that they refrain from engrafting useless exceptions on general principles.

Till now this twofold rule of procedure has been uniformly observed in civil actions: (1) What the pleader must allege, he must prove; and (2) what the pleader must prove, he must allege. This rule merits commendation and preservation if there be any virtue in consistency and simplicity.

The majority of the Court now strike down this rule in actions for wrongful death. They adjudicate that the plaintiff in such a case need not allege what he is required to prove, *i.e.,* that his action was brought within one year after the death of the decedent. G.S. 28-173.

The majority opinion advances no reason in support of this anomalous ruling. In my judgment, the cases cited in it do not sustain the decision of the majority. Indeed, they imply that the converse is the law. They hold this and nothing more: That the statutory requirement that an action for wrongful death must be brought within one year after the death is a condition annexed to the plaintiff's cause of action, and not a statute of limitation, which the defendant must plead; and that in consequence the plaintiff cannot successfully maintain such an action unless he proves at the trial that it was commenced within the time prescribed by the statute. See *McGuire v. Lumber Co.,* 190 N.C. 806, 131 S.E. 274.

Consistency and simplicity ought not to be worthless in the legal market place. To be sure, a philosopher has declared with confidence that "a foolish consistency is the hobgoblin of little minds." Perhaps, I now contend for such a consistency. Be that as it may, some little minds draft pleadings in civil cases, and their task is at best sufficiently abstruse. It ought not to be further complicated by the promulgation of conflicting rules in procedural matters. Moreover, the law might well devise a more practical occupation for those who possess big minds than that of remembering needless exceptions to salutary general principles.

I see no insuperable objection to permitting a plaintiff in a wrongful death action to amend his complaint so as to allege what he is required to prove, *i.e.,* that his action was brought within one year after the death. By so doing, we could preserve intact a consistent and simple rule of procedure, and at the same time permit a decision of the action on the merits.