HAROLD L. BELL, ADMINISTRATOR OF THE ESTATE OF MARCIA JEANETTE BELL, DECEASED v. J. BANKS HANKINS.

(Filed 19 November, 1958.)

**1. Death § 3—**

Right of action for wrongful death is solely statutory, and the statute gives but one cause of action for damages for the death of a person, and ordinarily the administrator may not sue successively different parties upon allegations that their wrongful acts, respectively, produced the death of his intestate. G.S. 28-173.

**2. Death § 6:    Executors and Administrators § 8—**

A personal representative has the right to negotiate and compromise a statutory cause of action for wrongful death.

**3. Torts § 9a:    Physicians and Surgeons § 14:    Negligence § 15—**

A negligent injury gives rise to but a single cause of action for all

damages, past and prospective, suffered in consequence of the wrongful or negligent acts, including damages for negligent treatment by a physician or surgeon if the injured person exercises due care in selecting his physician or surgeon and in procuring treatment, and therefore a release of the original tort-feasor bars an action for malpractice.

**4. Death § 3:      Judgments § 32:      Physicians and Surgeons § 14—**

Where the administrator institutes action for wrongful death against persons alleged to be solely responsible therefor and compromises the action by a consent judgment for a substantial sum, such judgment is a bar to the administrator's right to institute a subsequent action for wrongful death against a physician or surgeon for negligent treatment of the original injuries, the administrator having knowledge, actual or constructive, regarding the action for malpractice at the time of the institution of the action against the original tort-feasors.

PARKER, J., not sitting.

APPEAL by plaintiff from *Preyer, J.,* March 31, 1958 Civil Term of DAVIDSON.

This is an action instituted by the plaintiff, as administrator of the estate of Marcia Jeanette Bell, to recover damages for the wrongful death of his intestate, against the defendant, who is a physician and surgeon.

The plaintiff alleges in his complaint that his intestate was injured in an automobile accident on 23 November 1955 at about 10:25 p.m.; that subsequent to the accident and on the night thereof she was taken to the Lexington Memorial Hospital where the defendant, who was the physician and surgeon on duty at the time, undertook the examination and treatment of the decedent's injuries; that after a short examination plaintiff's intestate was advised to go home. Several hours later she began to suffer severe headaches. She was carried back to the hospital about 3:30 a.m. on the morning of 24 November 1955, where, upon examination by another physician, it was found she had sustained a fracture of the skull and a cerebral concussion, neither of which had been discovered or treated by the defendant. She died at 5:00 p.m., 24 November 1955, from respiratory failure caused by cranio-cerebral injuries.

Prior to the institution of the case at bar, the plaintiff in this action, on 26 April 1956, instituted an action against the drivers and owners of the cars involved in the accident to recover for the wrongful death of his intestate. He alleged that her death was due solely to and was the result of the joint and several negligent acts of said defendants. The plaintiff prayed for judgment in the amount of $106,380.00.

At the September Civil Term 1957 of Davidson County, pending the trial in said action, a consent judgment was entered into award-

ing the plaintiff the sum of $11,833.34. The judgment was consented to by the plaintiff and his attorneys of record and by the attorneys for the defendants, and was approved by the Presiding Judge. The judgment has been paid and satisfied in full and the plaintiff has received the proceeds therefrom.

Among other things, the aforesaid judgment provided, "It is further understood and agreed that, upon the payment of said amounts by the respective defendants, the same shall operate as a full, final and complete settlement of all matters and things between the plaintiff and said respective defendants, and particularly in settlement of all matters and things set forth in the pleadings filed in this cause."

Approximately two months after the above judgment had been entered in the original action for wrongful death, and two days before the statute of limitations would have run, the plaintiff instituted this action. The defendant filed an answer to the plaintiff's complaint and set up the judgment in the former action as a plea in bar. The court sustained the plea in bar and dismissed the action.

The plaintiff appeals, assigning error.

*Hall & Thornburg for plaintiff, appellant.*
*Charles W. Mauze, Walser & Brinkley for defendant, appellee.*

DENNY, J.  The question posed for our consideration and determination is simply this: Where a plaintiff institutes an action to recover damages for the wrongful death of his intestate against persons alleged to be solely responsible for her injuries and death and thereafter the action is compromised by the entry of a consent judgment for a substantial sum, is said judgment a bar to the plaintiff's right to maintain a subsequent action for the wrongful death of his intestate against a physician or surgeon for negligent treatment of the original injuries?

The right to maintain an action to recover damages for the wrongful death of a human being, occasioned by the negligent or other wrongful act of another, did not exist at common law. *Colyar v. Motor Lines,* 231 N.C. 318, 56 S.E. 2d 647; *Wilson v. Massagee,* 224 N.C. 705, 32 S.E. 2d 335, 156 A.L.R. 922; *Hinnant v. Power Co.,* 189 N.C. 120, 126 S.E. 307, 37 A.L.R. 889; 16 Am. Jur., Death, section 44, page 35. The right to maintain such an action is given by statute, patterned after Lord Campbell's Act, passed in England in 1846, our statute being G.S. 28-173. However, we know of no statutory authority or judicial decision which authorizes a party to maintain a second cause of action for wrongful death, after such party has brought an action therefor bottomed on the alleged negligence of the joint tort-feasors who caused the original injuries and has obtained a judgment or made

a compromise settlement in his favor with one or more of the joint tort-feasors in the first action.

It is said in 16 Am. Jur., Death, section 151, page 103, "It is frequently held that statutes authorizing an action for damages for wrongful death contemplate only one cause of action for damages for the death of a person and that, in the absence of fraud, if an action is brought and a judgment recovered by any of those entitled to sue, the judgment is conclusive upon other persons and the right given by the statute is exhausted."

It is likewise said in 25 C.J.S., Death, section 47 (a), page 1144, "In the absence of statute, a release or compromise and settlement with one of the several wrongdoers is a bar to an action for death against the others."

Furthermore, a personal representative has the right to negotiate and compromise a statutory cause of action for wrongful death. *McGill v. Freight*, 245 N.C. 469, 96 S.E. 2d 438.

The weight of authority in this country is to the effect that a general release executed in favor of the one responsible for the plaintiff's original injury precludes an action against the physician or surgeon for damages incurred by the negligent treatment of the injury. See 40 A.L.R., 2d Anno—Physician—Original Tort-feasor—Release, page 1079, where the authorities from twenty-one jurisdictions are collected, including North Carolina.

The case of *Smith v. Thompson*, 210 N.C. 672, 188 S.E. 395, cited and relied upon by the defendant, seems to support his position. There, plaintiff had been injured in a motorcycle accident and had given the driver and owner a release which expressly covered medical expenses in consideration of payment to her of a stated sum of money. She then brought suit against the physician who had treated her for malpractice, in which suit judgment was entered on the pleadings. Upon defendant's plea that the release barred any action against him, upon appeal to this Court the ruling of the lower court was affirmed. This Court said: "The rule of law in actionable negligence cases of this kind for damages is well settled. In *Ledford v. Lumber Co.*, 183 N.C. 614 (616-17), is the following: 'In cases like the one at bar, if the plaintiff be entitled to recover at all, he is entitled to recover as damages one compensation—in a lump sum—for all injuries, past and prospective, in consequence of the defendant's wrongful or negligent acts. These are understood to embrace indemnity for actual nursing and medical expenses * * *.' In *Sircey v. Rees' Sons*, 155 N.C. 296 (299), we find: 'A plaintiff is entitled to but one satisfaction of his cause of action, whether but one or many may be liable, or whatever the form of action may be.' " The court also

quoted *inter alia* from *Edmundson v. Hancock,* 40 Ga. App. 587, 151 S.E. 114, wherein the Georgia Court was quoting from *Martin v. Cunningham,* 93 *Wash.* 517, 161 P 355, " ' * * * It is a well settled doctrine of the law that complete satisfaction for an injury received from one person in consideration of his release operates to discharge all who are liable therefor, whether they be joint or several wrong-doers.' "

In *Lane v. R. R.,* 192 N.C 287, 134 S.E. 855, *Connor, J.,* speaking for the Court, said: "In the case of torts, the general rule is that the wrongdoer is liable for any injury which is the natural and probable consequences of his misconduct. Such liability extends not only to injuries which are directly and immediately caused by his act, but also to such consequential injuries, as according to the common experience of men, are likely to result from such act. * * * If the injured person exercises due care to have the injury properly treated, the reuslt of the treatment, if not beneficial, cannot affect the damages, which he would otherwise be entitled to recover of the wrong-doer, by whose wrongful act he was injured. If the treatment of the injury, procured by the injured party, in the exercise of due care, is beneficial, and reduces the damages resulting from the act of omission of the wrongdoer, such reduction relieves the wrongdoer *pro tanto;* if such treatment is not beneficial, and results in increased or additional damages, the wrongdoer whose act or omission made the treatment necessary or proper must be held liable for such additional or increased damages."

In Restatement of the Law of Torts, Volume 2, section 457, it is said: "If the negligent actor is liable for another's injury, he is also liable for any additional bodily harm resulting from acts done by third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or negligent manner." *Thompson v. Fox,* 326 Pa. 209, 192 A 107, 112 A.L.R. 550; *Feinstone v. Allison Hospital, Inc.,* 106 Fla. 302 143 So. 251; *Wells v. Gould,* 131 Me. 192, 160 A 30; *Adams v. DeYoe,* 11 N.J. Misc. 319, 166 A 485; *Milks v. McIver,* 264 N.Y. 267, 190 N.E. 487; *Hooyman v. Reeve,* 168 Wis. 420, 170 N.W. 282.

It is said in *Feinstone v. Allison Hospital, Inc., supra,* "Complete satisfaction for an injury received from one person in consideration for his release operates to discharge all who are liable therefor, whether joint or several wrongdoers."

In *Wells v. Gould, supra,* the Court held: " * * * a settlement with, and release of, all rights to recover against the original tort-feasors by the injured person, operates as a bar to another action for mal-

practice against the physician or surgeon who treated and aggravated the injury. (Citations omitted.)

"The result is the same, we think, when the injured person brings suit on his claim against the original wrongdoer and receives satisfaction of his judgment. His cause of action there is single and indivisible, and includes all damages which naturally result from the original injury or any part of it. (Citations omitted.) His acceptance of satisfaction of the judgment recovered has the same effect as a release. It extinguishes his cause of action against other tort-feasors liable for the same injury and bars action against them."

In the case of *Milks v. McIver, supra,* the Court said: "The rule is now well established that a wrongdoer is liable for the ultimate result, though the mistake or even negligence of the physician who treated the injury may have increased the damage which would otherwise have followed from the original wrong. * * * In such case satisfaction by the original wrongdoer of all damages by his wrong bars action against the negligent physician who aggravated the damage. The law does not permit a double satisfaction for a single injury."

In the instant case, the plaintiff knew or had a reasonable opportunity to know all about the defendant's conduct in connection with the examination and treatment of his intestate at the time he instituted his original action for her wrongful death. More than five months elapsed between the death of his intestate and the institution of that action. With full knowledge of the existing facts, the plaintiff elected to sue the drivers and owners of the cars involved in the accident, and alleged in his complaint "That the death of the said Marcia Jeanette Bell, the plaintiff's intestate, was due solely to and was the result of the joint and several negligent acts of the defendants concurring and proximately causing the said death of plaintiff's intestate * * *"

We hold that the consent judgment pleaded in bar of plaintiff's right to maintain this action constitutes a general release, and is a bar to the maintenance of this action.

The ruling of the court below will be upheld.

Affirmed.

PARKER, J., not sitting.