Margaret McD. LEONARD, Administratrix of the Estate of Helen Duffy Wharton, Deceased

v.

James H. WHARTON, Administrator, C. T. A. of the Estate of James P. Wharton, Deceased.

Civ. A. No. 17615.

United States District Court
D. Maryland.

May 25, 1967.

Dorothy Fay Duffy, in pro. per.

Richard C. Rice and Cory, Boss & Rice, Laurel, Md., for defendant.

HARVEY, District Judge:

At approximately 9:15 P.M. on June 21, 1961, the Pontiac sedan being driven by Colonel James P. Wharton on U.S. Route 25 in Henderson County, North Carolina, suddenly veered to the left across the center line of the highway and smashed head-on into a heavily laden tractor-trailer going in the opposite direction. His wife of but nineteen days, Mrs. Helen Duffy Wharton, was a passenger in the front seat of the Pontiac and died some ten hours later of internal injuries received in the accident. Before she died, Mrs. Wharton stated that her husband had deliberately pressed the accelerator to the floor and turned his car head-on into the tractor-trailer, saying "we will go to eternity together."

Colonel Wharton survived and was subsequently indicted in the Henderson County Superior Court for the manslaughter of his wife. A plea of nolo contendere was later entered, and Colonel Wharton agreed to surrender any claim he might have against his wife's estate including his right to administer same and further agreed to pay $20,000 to his wife's sister, Dorothy Fay Duffy, provided that he would be subjected to no further penalty. A written instrument dated October 17, 1961 and executed by Colonel Wharton and Miss Duffy contained the following provision:

"Any damages recovered as the result of my wife's death is to be limited to the amount for which my insurance carrier is legally liable, and the said Dorothy Fay Duffy does by accepting the benefits received and to be re-received by this renouncement and conveyance, release me and my estate from any and all damages over and above said amount."

On July 5, 1963, Colonel Wharton committed suicide while a patient in Walter Reed Hospital.

These bizarre circumstances have spawned a profusion of suits and other legal proceedings in both federal and state courts in North Carolina and Maryland, culminating in this action instituted on September 6, 1966 by Margaret McD.

Leonard, as administratrix of the estate of Helen Duffy Wharton, against James H. Wharton, administrator c. t. a. of the estate of James P. Wharton.[1] In the pending complaint, it is alleged that Colonel Wharton wrongfully caused the death of his wife, and plaintiff is seeking compensatory damages. Defendant has filed a motion to dismiss, raising the defenses of improper venue and limitations.

Reference to some of the previous litigation is relevant to the questions presently before this Court. On May 15, 1963, a declaratory judgment action was instituted in the United States District Court for the Western District of North Carolina, Asheville Division, by Colonel Wharton's insurer to determine whether his automobile liability insurance policy would cover the claims for damage, personal injury and death arising out of the accident occurring on June 21, 1961. After trial, Judge Craven filed a written opinion dated January 18, 1965, holding that Colonel Wharton intentionally caused the collision and the resulting property damage, bodily injury and death and that his insurance policy did not insure against intentional torts. United Services Automobile Association v. Wharton, 237 F.Supp. 255 (W.D.N.C.1965).

On June 19, 1964, Dorothy Fay Duffy, ancillary administratrix of the estate of Mrs. Wharton, had filed suit in this Court seeking damages for wrongful death from Colonel Wharton's estate (Civil No. 15639). In view of the pending North Carolina case, further proceedings were suspended until it was determined whether the insurance company would defend claims against Colonel Wharton's estate arising out of the accident.[2] On January 14, 1966, Judge Winter granted defendant's motion to dismiss the complaint on the grounds that it was barred by limitations. The ancillary administratrix did not press in that case, as does the administratrix here, the contention that North Carolina law applies and does not bar the suit, nor were affidavits and exhibits filed in that case, as here, in support of any such position.[3]

I

■ With reference to venue, it is clear that in a civil action wherein jurisdiction is founded on diversity, suit may be brought, except as otherwise provided by law, only in the judicial district where all the plaintiffs or all the defendants reside. 28 U.S.C.A. § 1391(a). Venue, however, is designed for the practical convenience of litigants and may be waived by them. Panhandle Eastern Pipe Line Co. v. F. P. C., 324 U.S. 635, 65 S.Ct. 821, 89 L.Ed. 1241 (1945).

■■ The residence of an executor or administrator for venue purposes is his personal residence. Doyle v. Loring, 107 F.2d 337 (6th Cir. 1939), cert. den. 309 U.S. 686, 60 S.Ct. 808, 84 L.Ed. 1029 (1940); Tiernan v. Westext Transport, Inc., 243 F.Supp. 566 (S.D.N.Y.1965). Defendant here, although a resident of

---

1. There is also currently pending in the Circuit Court for Montgomery County, Maryland a survival action brought by Dorothy Fay Duffy, ancillary administratrix of the estate of Helen Duffy Wharton, against James H. Wharton, administrator c. t. a. of the estate of James P. Wharton, seeking to recover damages for pain and suffering of Mrs. Wharton prior to her death.

2. In another suit filed in this Court (Civil No. 15666), Colonel Wharton's insurer sought to restrain further proceedings in Miss Duffy's suit against the insured's estate until a decision had been handed down in the North Carolina declaratory judgment action. Judge Winter issued a preliminary injunction on July 1, 1964.

Extension of such injunction was later denied upon a finding that the pending suit was already under restraint by virtue of an order signed by Judge Craven in the North Carolina proceedings.

3. On January 5, 1966, the plaintiff here filed a suit for damags for wrongful death against James H. Wharton, administrator c. t. a. of the estate of James P. Wharton, in the United States District Court for the Western District of North Carolina. Service was made in Maryland upon the estate's designated Maryland agent, Richard C. Rice. By Order dated March 25, 1966, Judge Craven granted a motion to dismiss because of improper service pursuant to Rule 4(f) F.R.Civ.P.

South Carolina, has pursuant to § 57 of Article 93 of the Maryland Code designated Richard C. Rice of Laurel, Maryland, as his local agent on whom service of process might be made. By this act, defendant has waived his right to invoke the federal venue privilege. Davis v. Smith, 253 F.2d 286 (3d Cir. 1958).

## II

■ The defense of limitations raises more substantial questions. Under § 4 of Article 67 of the Annotated Code of Maryland, a wrongful death action must be commenced within two years after the death of the deceased person. However, if the person causing the alleged wrongful death is likewise deceased, suit must be brought within six months after the date of qualification of such person's administrator. Article 67, § 1. Since Colonel Wharton's administrator qualified on October 8, 1963, the pending suit would be barred by limitations if the Maryland six-months period is applied.[4] Defendant, however, argues that the present action is governed by North Carolina law and that even though a two-year period of limitations ordinarily applies to a North Carolina wrongful death action under subsection 4 of § 1–53 of the General Statutes of North Carolina, this period was extended by virtue of another statute, namely § 1–25, which provides that if an action is commenced within the proper time and the plaintiff is non-suited, a new action may be commenced within 1 year after such non-suit if the costs in the original action have been paid by the plaintiff before the commencement of the new suit.

On April 30, 1963, James P. Erwin, Jr., administrator of the estate of Helen Duffy Wharton, filed a suit in the Superior Court of Henderson County, North Carolina against Don H. Garren, ancillary administrator of the estate of James P. Wharton, seeking damages for wrongful death. On September 7, 1965, a judgment of voluntary non-suit was entered and approved by the court. Plaintiffs contend that the one-year extension period specified in § 1–25 applies to the present action which was filed in this Court on September 6, 1966.

■■ In determining whether Maryland or North Carolina law applies, this Court in a diversity case must apply the conflict of laws rule prevailing in Maryland. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under Maryland law where a wrongful death action is based on an occurrence in another state, the substantive law of that state is applied. § 2 of Article 67 of the Maryland Code; Kaufmann v. Service Trucking Co., 139 F.Supp. 1 (D.Md.1956). However, a Maryland court will still apply its own rules of pleading and procedure even though the substantive law of the *lex loci* governs in a case where the wrongful death has occurred outside of the state. § 2, Art. 67.

■ Ordinarily, statutes of limitation are considered procedural in nature, and as to limitations, the law of the forum is applied. Doughty v. Prettyman, 219 Md. 83, 88, 148 A.2d 438 (1959); Restatement, Conflict of Laws §§ 603, 604. On the other hand, where a foreign cause of action is based on a statute which contains its own limitation, the limitations period of the state in which the cause of action accrues and not that of the forum governs. Eastwood v. Kennedy, 44 Md. 563, 572 (1876); 14 M.L.E. Limitations of Actions § 3; Restatement, Conflict of Laws, § 605; annotation, 95 A.L.R.2d. Whether or not a statute of limitations merely bars the remedy or actually extinguishes the

---

4. Defendant contends that the pending suit is barred by § 112 of Article 93 of the Maryland Code which requires that an action against an administrator for injuries to the person must be commenced within six calendar months after the date of the qualification of the administrator. However, plaintiff's suit seeks damages for wrongful death and not for personal injuries prior to death, and the proper statutory provision is therefore the one found in § 1 of Article 67.

right of action depends upon the statute's construction by the courts of the enacting jurisdiction. Goodwin v. Townsend, 197 F.2d 970, 972 (3d Cir. 1952.)

Applying these principles to the North Carolina wrongful death statute, it appears that prior to 1951 a one-year period of limitations was included as a part of the statutory provision itself and that the Supreme Court of North Carolina had theretofore consistently held that such time limitation in the statute was not a statute of limitations but was in fact a condition precedent to maintenance of the action. Colyar v. Atlantic States Motor Lines, 231 N.C. 318, 56 S.E.2d 647 (1949); McCrater v. Stone and Webster Engineering Corp., 248 N.C. 707, 104 S.E.2d 858 (1958). However, in 1951 the state legislature enacted Chapter 246 which extended the limitations period to two years, removed the provision as to limitations from the wrongful death statute and placed it in a separate code provision, § 1–53(4). In discussing this amendment, the North Carolina Supreme Court in *McCrater v. Stone and Webster Engineering Corp.*, supra, a workmen's compensation case, said the following at page 708, 104 S.E.2d at page 859:

"It is noteworthy that the construction placed on the time limitation in the workmen's compensation statute (G.S. § 97–24) harmonizes with this Court's construction of the time limitation in our wrongful death statute, G.S. § 28–173, as it was written prior to the amendatory act of 1951, Ch. 246, Sec. 1, S.L. of 1951, now codified as G.S. § 28–173 (rewritten); and Ch. 246, Sec. 2, S.L. of 1951, now codified as G.S. § 1–53 subd. 4. Up to the time of these amendments, the Court had consistently held that the time limitation in the statute was not a statute of limitations, but rather a condition precedent to maintenance of an action. Colyar v. Atlantic States Motor Lines, 231 N.C. 318, 56 S.E.2d 647, and cases therein cited. The effect of the amendments of 1951 was to remove from the wrongful death act the time limitation and make the act subject to the statute of limitations of two years, G.S. § 1–53 subd. 4."

In Graves v. Welborn, 260 N.C. 688, at page 691, 133 S.E.2d 761, at page 763, 3 A.L.R.3d 1225 (1963), the Supreme Court of North Carolina further said:

"Prior to the enactment of Chapter 246, Sess.Laws of 1951 (now codified as G.S. § 1–53(4)) which amended G.S. § 28–173, the institution of an action for wrongful death within one year after such death was a condition precedent to maintaining the action. All other requirements of the section were also strictly construed. See annotation to G.S. § 28–173. The amendment removed the time limitation as a condition annexed to the cause of action and made it a two-year statute of limitations."

■ It would therefore appear that under North Carolina law the present two-year limitations period is not a condition precedent annexed to the cause of action itself, but is in fact a true statute of limitations. In other words, such limitations period is not a part of the substantive law of North Carolina. This Court in a diversity case should apply only the *substantive* law of the place where the injury occurred. Restatement, Conflict of Laws, § 378; Goodwin v. Townsend, supra. The forum applies its own procedural law, and in this instance Maryland law requires that a wrongful death action must be commenced within six months after the date of qualification of the administrator of the person allegedly causing such wrongful death. Article 67, § 4, Md.Ann.Code. The present action filed some two years and eleven months after such date is accordingly barred.

■ Even if the North Carolina law as to limitations (including the one-year extension period) were to be applied to the pending action, plaintiff would still be barred. The North Carolina statutory provision relied upon by plaintiff is

as follows (§ 1–25, General Statutes of North Carolina):

"If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, if the costs in the original action have been paid by the plaintiff *before* the commencement of the new suit, unless the original suit was brought in forma pauperis." (Emphasis added)

The action in North Carolina that was non-suited was brought by James P. Erwin, Jr., the administrator appointed by the Superior Court of Henderson County, North Carolina. The suit in this Court was instituted by Margaret McD. Leonard, the administratrix appointed by the Orphans' Court of Montgomery County, Maryland. There is no privity between administrators of the same estate appointed in different jurisdictions. 34 C.J.S. Executors and Administrators § 998; Baker v. Cooper, 166 Md. 1, 8, 170 A. 556 (1934); see also Brookshire v. Dubose, 55 N.C. (2 Jones, Eq.) 276 (1855). The plaintiff in this action is not the same plaintiff as in the North Carolina suit and would not in any event be entitled to the extended period provided by the statute.

Furthermore, a certified copy of the docket entries in the action non-suited in the Superior Court of Henderson County, North Carolina has been filed herein. Such document shows that on September 15, 1966 there were unpaid costs in the action non-suited. § 1–25 requires that the costs in the original action must have been paid before the new suit is brought if the benefits of the one-year extension period are to be afforded a plaintiff. Rankin v. Oates, 183 N.C. 517, 112 S.E. 32 (1922).

For the reasons stated, the motion to dismiss is granted with costs.